FRANCIS X. MYERS, as Sheriff, etc., Appellant, v. JAMES A. BECKER, Respondent.

. In an action by judgment creditors to set aside as fraudulent a general assignment made by the judgment debtors, judgment was rendered, adjudging the assignment fraudulent and void; requiring the assignee to account for the assigned property, the value of which was found to be $3,000, and directing the appointment of a receiver, who was required to make certain specified payments from the proceeds of the property, and report the remainder, with his proceedings, to the court, for further orders. *Held*, that this was not a final judgment.

*Produce Bank* v. *Morton* (67 N. Y. 199), distinguished.

An order was subsequently made by the court, appointing a receiver, to whom the assignee was directed to account, and also appointing a referee to take and state the account, and to determine what allowances, if any, should be made to the assignee for disbursements, etc. Upon the coming in of the report of the referee another order was made, allowing the assignee to deduct from the $3,000 certain items allowed to him, and directing him to pay the balance, $2,610, to the receiver, and, upon his refusal to pay, a precept directing his arrest was issued and he was imprisoned under it. *Held*, that the process was illegally issued; that under the Revised Statutes which were in force at the time (2 R. S. 534, § 1; id. 535; § 4), such a process was only authorized where execution could not be issued; that upon the last order a final money judgment could and should have been entered, which could have been enforced by execution; and that the plaintiffs in said action could acquire no right to a precept by omitting to enter such final judgment.

(Argued March 13, 1884; decided April 15, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1883, which reversed a judgment in favor of the plaintiff, entered upon a decision of the court on trial without a jury, and which ordered judgment for defendant. (Reported below, 29 Hun, 567.)

This was an action upon a bail bond, executed by the defendant to secure the jail liberties to one Alpheus C. Beckwith, a person imprisoned under a precept issued in pursuance of an order of the court for alleged contempt.

Prior to May, 1878, Pierce and Haggerty made an assign-

ment of their property to said Beckwith for the benefit of their creditors. George T. Hawley and other judgment creditors of the said Pierce and Haggerty in May, 1878, commenced an action against them and Beckwith to have the assignment declared fraudulent and void as against creditors ; to compel Beckwith, as assignee, to account for the property and moneys in his hands and to have the same applied in payment of plaintiffs' judgment. Judgment was entered in said action declaring the assignment void as to creditors, requiring Beckwith to account for the value of the property which came to his hands, which was found to be $3,000, and directing that a receiver be appointed of the effects of the said Pierce and Haggerty which should be in their hands or the hands of said Beckwith, and that from the proceeds of such property and effects, the receiver pay the costs and disbursements of the action, which were taxed and adjusted at $107, pay the plaintiffs their judgment of $178.35 with interest thereon and bring the balance of the proceeds into court subject to its further order and direction. Thereafter, on the 29th day of October, 1878, by an order made at Special Term, a receiver was appointed as provided for in the judgment, and a referee appointed to take and state the account of the said Beckwith, and to determine what costs, expenses, charges and disbursements, if any, were properly allowable to him. The referee made a report, dated January 20, 1878. By order made January 31, 1879, on motion of the plaintiff's attorney, the referee's report was confirmed, and Beckwith was ordered to pay over to the receiver $2,610, being said sum of $3,000 less two items of counsel fees and disbursements allowed to him amounting to $390. On March 14, 1879, an order was entered at Special Term purporting to be upon the motion of the receiver, and without reciting any notice to Beckwith, but stating that a demand had been made of him to pay the money mentioned in the last-named order, and that he had neglected and refused to do the same. It directed that a precept issue to commit him to the county jail until he paid the sum of $2,610 as required by such order. The precept was issued to the sheriff of Oneida

county.　Beckwith was arrested by the sheriff and he with the defendant herein gave the bail bond sued upon.

*C. D. Adams* for appellant.　The judgment entered in the creditor's action October 17, 1878, was a final judgment. (*Produce B'k* v. *Martin*, 69 N. Y. 199; 4 Paige, 567; 7 id. 18; 9 id. 638; Old Code, § 245; 1 Van Santf. Eq. Pr. 578; New Code, §§ 1022, 1200.)　The action was well brought by the new sheriff.　By the assignment to Beckwith, the attachment and bail bond passed to him, and he became responsible.　(21 Wend. 230; Croker on Sheriffs, § 815 [old ed.].)　The precept under 3 R. S. [5th ed.] 850, § 4, is only "an execution in a civil action."　(3 Paige, 38; 4 id. 282, 397; 10 id. 287; 69 id. 536; 5 Lans. 466; Redfield on Surrogates, 744; *People* v. *Cowles*, 4 Keyes, 38; 3 Abb. App. Cas. 507; 34 How. 481.) The fact that defendant did not have Beckwith at the trial to testify that he was not off the limits, and also the fact that plaintiff could not serve a subpœna on him, are strong circumstances in plaintiff's favor.　(92 N. Y. 554, 559, 560; Abbott's Trial Ev. 609.)

*D. C. Stoddard* for respondent.　The judgment decreed an accounting, enjoined the transfer of the property and directed that a receiver be appointed.　This made it interlocutory and not final.　(Code of Civ. Pro., §§ 1200, 1230, 767; *Clark* v. *Brooks*, 2 Abb. [N. S.] 385, 404–5; *Tompkins* v. *Hyatt*, 19 N. Y. 534; *Jenkins* v. *Wilds*, 14 Wend. 539; *Kane* v. *Whittick*, 8 id. 219, 224.)　The precept issued under section 4, chapter 8, part 3, title 13 of the Revised Statutes, then in force, is an interlocutory order.　(*Matter of Watson*, 69 N. Y. 536–543; *Strowbridge* v. *Strowbridge*, 21 Hun, 288–290; *People, ex rel.* v. *Riley*, 25 id. 587.)　This precept is limited to cases where by law an execution cannot issue to enforce collection of the sum ordered to be paid.　(Code of Civ. Pro., § 14, subd. 3; 2 R. S. [6th ed.] 838; § 3, subd. 1, title 13, chap. 8; *O'Gara* v. *Kearney*, 77 N. Y. 423–426; *Baker* v. *Allen*, 21 Hun, 356–360; *Strowbridge* v. *Strowbridge*, 21

id. 288–290; *People, ex rel.* v. *Riley*, 25 id. 587; Code of Civ. Pro., § 1240, subd. 1; Old Code, § 285; *Geary* v. *Geary*, 63 N. Y. 252–255; *Gray* v. *Cook*, 24 How. Pr. 432; *Lansing* v. *Lansing*, 4 Lans. 377; *Miller* v. *Miller*, 7 Hun, 208.) The precept being void, the arrest under it, and the bond taken for the liberties of the jail and sued in this action, are also void. (*Carpenter* v. *Willitts*, 1 Abb. Ct. of App. Dec. 312, 313; *Goodwin* v. *Griffis*, 88 N. Y. 629, 640.) The entire absence of the proceedings, which are prescribed by positive enactments to be taken in proceedings to punish for a contempt, deprive the court of jurisdiction. (*Pitts* v. *Davidson*, 27 N. Y. 235; *Tinker* v. *Crooks*, 22 Hun, 579; *Clark* v. *Bininger*, 75 id. 344–350.) If void, proceedings for contempt may be attacked collaterally. (*People* v. *Sturtevant*, 9 N. Y. 263, 266–7; *Wilcox* v. *Jackson*, 13 Peters, 511.) When a party is "punished" for a contempt in not obeying a judgment or an order, he is not entitled to the liberties of the jail on arrest. (Code of Civ. Pro., §§ 3, 4, 157, 1241; 3 R. S., chap.   , title 13; *Park* v. *Park*, 80 N. Y. 156; 18 Hun, 466; *Gane* v. *Gane*, 46 Sup. Ct. 218; *Baker* v. *Baker*, 23 Hun, 356, 359; *Howe* v. *Howe*, 5 Weekly Dig. 460; *Pritchard* v. *Pritchard*, 4 Abb. N. C. 298; *Freeman* v. *Freeman*, 8 id. 174; *Allen* v. *Allen*, id. 175, 185; *Strawbridge* v. *Strawbridge*, 21 Hun, 288; *Matter of Clark*, 20 id. 251; 81 N. Y. 638; *Brinkley* v. *Brinkley*, 47 id. 40–48; *People* v. *Campbell*, 40 id. 133, 138; *Fero* v. *Van Evra*, 9 How. 148; *Brier* v. *Hanson*, 16 Abb. Pr. 399; *Gray* v. *Cook*, 24 How. 432, note; *Morris* v. *Walsh*, 14 Abb. Pr. 387; 4 Wait's Pr. 175–194; *Matter of Clark*, 20 Hun, 551, 553; *Allen* v. *Allen*, 8 Abb. N. C. 175, 185–6; *Baker* v. *Baker*, 23 Hun, 356, 359; *People, ex rel.* v. *Cowles*, 3 Abb. Ct. App. Dec. 507, 510–511; *S. C.*, 33 How. Pr. 337; 34 How. 481; *Matter of Watson*, 3 Lans. 408–413, 44; 5 id. 476, 472–474.) If Beckwith was not entitled to the liberties of the jail, then the bond sued on is one taken in a case not provided for by law, and is void, as being taken in color of office. (3 R. S. 448, § 46 [6th ed.]; *Winter* v. *King*, 1 N. Y. 365, 367–8;

*Love* v. *Palmer*, 7 Johns. 159, note; *Cook* v. *Freudenchatt*, 80 N. Y. 202–209.) The new judgment having been obtained on application of the sheriff, and being made for his relief and protection, he became a party to it, by the payment of the claim of plaintiffs for a voluntary escape, and such payment had the effect to satisfy and discharge the judgment, as it provided that on such payment the precept should be returned satisfied, which would cancel the judgment of record. These provisions he could not evade by any subsequent agreement with the plaintiffs, unassented to by the defendant and his bail. (*Flower* v. *Lance*, 59 N. Y. 603–610; *Fleetwood* v. *City of N. Y.*, 2 Sandf. 475, 482; *Forrest* v. *Mayor, etc.*, 13 Abb. Pr. 330, 345.) The voluntary escape had the effect of discharging the judgment, precept and arrest. (Crocker on Sheriffs, § 595; Smith on Sheriffs, 550; *Thompson* v. *Lockwood*, 2 Johns. Cas. 3 13, 15–16; *Littlefield* v. *Brown*, 1 Wend. 398, 401–405; *Clark* v. *Cleveland*, 6 Hill, 344, 349; *Ransom* v. *Turner*, 4 Johns. 469, 473; *McElroy* v. *Mancius*, 13 id. 121, 122; *Cook* v. *Freudenchat*, 80 N. Y. 202, 209; *Kœnig* v. *Stickle*, 58 id. 475; *Ex parte Lawrence*, 4 Cow. 417; *Jackson* v. *Brown*, 7 id. 13; *Kassan* v. *Pease*, 44 Barb. 347, 353; *Lathrop* v. *Briggs*, 8 Cow. 171, 173–4; *Powers* v. *Wilson*, 7 id. 274; *Chapman* v. *Hatt*, 11 Wend. 41; 3 Wait's Actions and Defenses, 229; id., § 3, p. 227; Code of Civil Procedure, §§ 150, 155, 158, 159, 160, 161, 163, 171.) The payment of the money absolutely and without reservation to the plaintiffs in the judgment and precept, by the sheriff, was at law a payment and satisfaction of both. (*Sherman* v. *Boyce*, 15 Johns. 443, 446; *Reed* v. *Prime*, 7 id. 426–429; *Carpenter* v. *Stilwell*, 11 N. Y. 61, 69–71.) The sheriff upon demand having voluntarily paid a claim for an alleged official misconduct growing out of the execution of the precept cannot be subrogated by assignment nor otherwise to the rights of the creditor and be entitled to enforce either the judgment or precept for his own indemnity. (*Carpenter* v. *Stilwell*, 11 N. Y. 61; *Bigelow* v. *Provost*, 5 Hill, 566; *Sherman* v. *Boyce*, 15 Johns. 443; *Jackson* v. *Anderson*, 4 Wend.

474; *Swan* v. *Saddlemier*, 8 id. 676; *Love* v. *Palmer*, 7 Johns. 159; *Richardson* v. *Crandall*, 48 N. Y. 347; Code of Civil Procedure, § 160; *Littlefield* v. *Brown*, 7 Wend. 453–457; *Goodwin* v. *Griffis*, 88 N. Y. 629–640.)

EARL, J. The judgment in the action of *Hawley et al.* v. *Pierce et al.* was not final. It adjudged that the assignment made by defendants Pierce and Haggerty to defendant Beckwith was fraudulent as against the creditors of the assignors, and that it was null and void; that the assignee should account for the assigned property which came into his hands which was found to be of the value of $3,000; that a receiver should be appointed of the property of the assignors in their hands or in the hands of their assignee; that from the proceeds of such property the receiver should first pay the costs of that action, taxed at $100.07; that from the remainder he should pay the plaintiffs in that action for their judgment against the assignors $178.35 and interest thereon from Februrary 5, 1878, and that he report the remainder, with his proceedings, to the court for, and subject to its further order and direction.

The learned counsel for the appellants claims that the judgment was final and calls our attention to the case of *Produce Bank* v. *Morton* (67 N. Y. 199) as an authority for his claim. In that case it was held that for the purpose of an appeal to this court a similar judgment was final. It was so held under the Code then existing because there was a final disposition of the whole controversy between the parties. But it was not final for every purpose. It was not so far final that a judgment for an ascertained definite sum, or for any sum, could be entered and docketed against the defendants, or any of them. Before such a judgment could be entered or docketed further proceedings were needed. And such was the case here. The precise sum which the assignee was to pay and for which the judgment could be entered and docketed against him was yet to be ascertained, and no judgment requiring the payment of any sum could be entered, without further proceedings, in favor of any person. So after the entry of the preliminary

judgment, which was certainly in some sense interlocutory, upon a motion made on behalf of the plaintiffs therein, an order was granted by the court appointing a receiver of the property of the assignors, and the assignee was ordered to account to the receiver for all the property of the assignors which came into his hands, and to pay and deliver to the receiver all of such property which had been found to be of the value of $3,000 ; and the receiver was ordered to pay out of the property received by him the two items specified in the judgment, and to report the remainder with his proceedings to the court; and by the same order a referee was appointed to take and state the account of the assignee and to determine what costs, expenses and charges, and disbursements, if any, were properly allowable to him to be deducted from the sum of $3,000. In pursuance of that order the receiver qualified and the referee took an account and made his report to the court, which then made a final order allowing the assignee to deduct from the sum of $3,000, certain claims allowed to him, and directing him to pay the balance — $2,610 — to the receiver. Until this final order was made, the sum was not ascertained which the assignee was required to pay, and no judgment for any sum of money could be entered or docketed against him. That action had then for the first time reached a stage in which a money judgment could be entered and docketed against the assignee, and then such a judgment could and should have been entered and docketed in favor of the receiver against him. The last two orders should have been attached to the prior judgment-roll, and a final judgment should have been thereon entered. (*Geery* v. *Geery*, 63 N. Y. 252.)

The judgment thus entered and docketed could have been enforced by execution, and not by such process as was issued in this case. The rule is furnished by the Revised Statutes (Part 3, chap. 8, title 13), which both parties assume to have been in force at the time the process was granted. Section 1 provides, among other things, for punishing by fine and imprisonment parties to suits for the non-payment of any sum ordered by the court to be paid, "in cases where by law execution cannot

be awarded for the collection of such sum." Section 4, under which the plaintiff seeks to justify this process, reads as follows: "Where any rule or order of a court shall have been made for the payment of costs or any other sum of money, and proof by affidavit shall be made of the personal demand of such sum of money, and of a refusal to pay it, the court may issue a precept to commit the person so disobeying to prison, until such sum and the costs and expenses of the proceedings be paid." This section must be construed in harmony with the prior provision cited, and authorizes the precept mentioned only in cases where an execution cannot be issued. It does not, therefore, apply to a case where money has been ordered to be paid by a final judgment, and so it has been uniformly held. (*Lansing* v. *Lansing*, 4 Lans. 377; *Strobridge* v. *Strobridge*, 21 Hun, 288; *Baker* v. *Baker*, 23 id. 356; *People, ex rel. Fries*, v. *Riley*, 25 id. 587; *Randall* v. *Dusenbury*, 41 N. Y. Supr. Ct. 456; *Matter of Watson* v. *Nelson*, 69 N. Y. 536; *O'Gara* v. *Kearney*, 77 id. 423.)

The plaintiffs in the action in which the receiver and referee were appointed could acquire no right to a precept for the arrest of the assignee by omitting to enter their final judgment. They could not evade the statutes in that way. They or their receiver, having the right to enter the judgment and enforce payment of the same by execution, could not enforce the same by attaching the assignee for contempt in refusing to pay.

It follows that the precept for the arrest of the assignee was unauthorized; that he was illegally arrested; that the sheriff had no right to exact or take the bond, and that the defendant as surety thereto has not been made liable thereon.

The judgment of the General Term should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.