THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN B. BORST, Appellant, v. HUGH J. GRANT, Sheriff, etc., and Another, Respondents.

41h 351
48ad107

*Contempt — when a failure to pay money, pursuant to a judgment, cannot be treated as a contempt — when a failure to return and cancel a note may be — a commit· ment will be sustained if one sufficient ground therefor be shown, though others assigned therein are insufficient — the remedy of one unable to comply with the order is under section 2286 of the Code of Civil Procedure.*

An action brought by Maria V. Macevoy against the relator, in which he answered but did not appear upon the trial, was tried before the court, which found that the relator had, as was alleged in the complaint, obtained from the plaintiff, by means of false and fraudulent representations, her promissory note for $100, and also the sum of $300 as a deposit to secure the payment of

rent reserved by a lease mentioned in the complaint, and directed a judgment for the return and cancellation of the note, and for the return of the sum of $300 deposited as security for the rent, and also for damages to the amount of $4,468.71.   The relator having failed to comply with the provisions of the judgment entered in conformity with this decision, was adjudged by the court to be in contempt, a fine being imposed upon him and directions given that he be imprisoned until he delivered to the plaintiff and canceled the promissory note for $100, and until he should pay over and return to her the $300 deposited by her as security for the rent.

Upon an application by *certiorari* to be released from imprisonment, under a commitment issued to carry this order into effect:

*Held,* that an objection to the sufficiency of the order and commitment, because of their failure *to* adjudge that the relator still had possession of the note and money, was properly overruled, as his possession of the note and money was to be assumed inasmuch as it did not appear that he had parted with either.

That the failure to comply with the direction to pay over and return the $300 to the plaintiff did not justify his punishment as for a contempt, as the judgment therefor could be enforced by an execution issued thereon.

*People ex rel. Fries* v. *Riley* (25 Hun, 587); *Jacquin* v. *Jacquin* (36 id., 378) followed.

That in so far as the action was brought to procure a return and cancellation of the note, it was not an action brought to recover a chattel within subdivision 3 of section 1240 of the Code of Civil Procedure, but was an action for equitable relief, and a failure to comply with that provision of the judgment justified his imprisonment and rendered it legal until he should comply therewith.

That if he could not comply with this direction his remedy was, by an application for relief, under section 2286 of the Code of Civil Procedure, and not by writ of *certiorari* or *habeas corpus.*

Appeal from an order denying an application for the release of the relator from imprisonment.

*Albert Bach,* for the appellant.

*Clark Bell,* for the respondent, Macevoy.

Daniels, J. :

The relator was adjudged to be in contempt and a fine was imposed upon him for his failure to comply with the directions contained in a judgment recovered against him by the respondent Macevoy.   From the form of the order and·the commitment the relator appears to have been proceeded against and punished under the authority of sections 14, 2266, 2281 and 1241 of the Code of Civil Procedure.   The adjudication which was made, as well as the

fine imposed and the directions contained in the order, bring the case within these sections and not within section 8 of this Code. And a writ of *certiorari* was issued upon the petition of the relator, under the authority of section 2015 of this Code, to inquire into the cause and legality of his imprisonment, under the order and commitment made and issued against him. From the petition and the return and other papers produced upon the hearing, it appears that an action was prosecuted against him in this court to obtain redress on account of fraudulent representations made by him to Marie V. Macevoy, the plaintiff in the suit. It was alleged in the complaint that the defendant, by reason of the fraudulent representations made, obtained from the plaintiff a promissory note for the sum of $100 and also the sum of $300 as a deposit to secure the payment of rent reserved by the lease mentioned in the complaint. The complaint was so drawn as to include the demand for both legal and equitable relief, the legal relief consisting of the demand for damages sustained by reason of the false representations, and the equitable relief, of the demand for an injunction, and also requiring that the note of $100 should be given up and canceled, and that the defendant should be ordered and adjudged to deliver and return to the plaintiff the $300 paid into his hands as security for the performance of the lease. The defendant, although he answered the complaint, did not appear upon the trial and the action was tried before the court and the false and fraudulent representations were found to be established by the evidence. And the delivery of the note and deposit of the money, as alleged in the complaint, were likewise found to have been proven. Judgment was accordingly directed by the court for the return to the plaintiff, and cancellation of her note for $100 and the return to her of the sum of $300 deposited by her with the defendant as security for the rent. And in addition to those adjudications the plaintiff was found to be entitled to a judgment for damages against the defendant for the sum of $4,468,71. The judgment following the decision provided for the recovery of these damages, and in addition to that, for the delivery of the $100 note to the plaintiff, and that the same should be canceled, and also for the delivery and return to her of the sum of $300 deposited with the defendant in the manner set forth in the complaint. He failed

to comply with either of these directions, and upon proceedings taken against him for that purpose, he was adjudged by the court to be in contempt for such failure. And a fine was imposed upon him for the plaintiff's indemnity because of his misconduct, and he was directed to be imprisoned in the common jail of the city and county of New York, until he delivered to the plaintiff, and canceled the promissory note for $100, and that he also be in like manner imprisoned until he should pay over and return to her the sum of $300, deposited by her with him as security for the rent of the premises mentioned in the complaint. And the commitment was issued to carry this order into effect.

An objection has been taken to the sufficiency of the order and commitment, because of their failure to adjudge that the relator still had possession of the note and the money. But that objection stands upon no legal foundation, for his possession of the note, as well as the money, may be presumed, inasmuch as it was not made to appear that he had parted with either. In this respect there was no defect or informality, either in the order or the commitment. It was to be assumed, as long as the fact was not proven to be otherwise, that the defendant still had the ability to comply with the directions contained in the judgment.

But the direction made for the payment of the $300 obtained by the relator from the plaintiff in the action, did not justify his punishment for a contempt because of his failure to comply with that direction. As the facts appeared, this was so much money obtained by him from the plaintiff in the action, by false and fraudulent representations, and the recovery of this sum was designed by way of indemnity to her for the loss produced by the delivery of this money to the relator, and the judgment for its recovery was one which could be carried into effect by the issuing of an execution. And where that may be done the party cannot be punished by way of proceedings for contempt for his failure to comply with the directions contained in the judgment. By subdivision 3 of section 14, the power to punish a party for a contempt for the non-payment of a sum of money ordered or adjudged by the court to be paid, has been restricted to cases where by law execution cannot be awarded for the collection of it. And by section 1241 of the Code the same restriction has been preserved. And this part

of the judgment cannot be excluded from this restriction by reason of anything contained in subdivision 4 of section 1241 of the Code, for that permits the punishment of a party for a contempt only when the judgment requires the payment of money into court, or to an officer of the court. That this judgment did not require, but it directed the payment of the $300 to be made to the plaintiff. It was as to this sum a judgment for the recovery of the money, and it was capable of being enforced by execution under subdivision 1, section 1240 of the Code of Civil Procedure. These provisions were examined, and the right to punish the defendant by way of proceedings for contempt, in *People ex. rel. Fries* v. *Riley* (25 Hun, 587) and *Jacquin* v. *Jacquin* (36 id., 378), where it was held that upon a judgment directing the payment of a specific sum of money, an execution should be issued for its enforcement, and proceedings to punish the party for a contempt for failing to perform the direction could not be maintained. A somewhat similar provision was contained in the Revised Statutes, but in *Myers* v. *Becker* (95 N. Y., 486) that was held not to justify the imprisonment of a party in proceedings by way of contempt where the money might be collected by the issuing of an execution.

The other direction in the judgment is not subject to the same objection. That was a part of the equitable relief which the judgment awarded to the plaintiff, and it directed this note of $100 to be delivered to her and canceled. The action was not a suit brought to recover a chattel within the signification of subdivision 3 of section 1240 of the Code. The class of actions there referred to are those which may in form be brought against the defendant for the recovery of the possession of one or more specific chattels, and were known under the preceding Code as actions of claim and recovery of personal property, and under the present Code, as well as the still earlier practice, as actions of replevin. This was not a suit of that description, but it was brought for legal and equitable relief on account of the fraudulent misconduct of the defendant. The object, so far as the note was involved, was to rescind the transaction through which the defendant had obtained it, and to require its surrender to the plaintiff, and provide for its cancellation; and that relief was awarded to the plaintiff by the judgment. To carry this part of the judgment into effect the service of a cer-

tified copy of it upon the defendant became necessary under section 1241 of the Code, and that service seems to have been made in this case.  He failed to comply with that direction, and for that failure he was liable to be proceeded against and punished for a contempt. And in that part of the proceeding the requirements of the statute seem to have been observed.  To that extent his imprisonment was legally directed until he should deliver up this note to the plaintiff for cancellation.  This was a separate and distinct direction, contained both in the order and in the commitment, and as long as the defendant fails to comply with it his imprisonment is legal under the order and the commitment.  The fact that the order may have been without authority as to the $300 will not entitle the relator to be relieved from imprisonment, until he has complied with that part of the order which appears to have been warranted by the judgment and the legal provisions applicable to the case.  (*People ex rel. Woolf* v. *Jacobs*, 5 Hun, 428; affirmed, 66 N. Y., 8.)

He has not complied with that part of the adjudication made against him, and until he shall do so his imprisonment must be held to have been legally directed, and to constitute an answer to the application which was made for his discharge under the writ of *certiorari*.  His remedy, if he cannot comply with the direction contained in the judgment and the order, is for relief under section 2286 of the Code of Civil Procedure, and not by the writ of *certiorari* or *habeas corpus*.

The order from which the appeal has been taken seems to have been properly made, and it should be affirmed, with the usual costs and disbursements.

Brady, P. J., and Macomber, J., concurred.

Order affirmed, with ten dollars costs and disbursements.