CHARLES E. LYDECKER, AS RECEIVER OF THE PROPERTY OF EMMA BIRNEY, APPELLANT, *v.* ELIZA SMITH AND OTHERS, RESPONDENTS.

*Creditors' suit — an order directing a purchaser at a judicial sale to pay the damage resulting from his failure to complete the same, is a sufficient basis therefor.*

An order directing the purchaser at a judicial sale to pay an amount duly ascertained and determined by the court to be the damage resulting from the refusal of such purchaser to complete his purchase, is to be regarded as a judgment of

the court for all the purposes of supplementary proceedings and a creditor's action brought to set aside conveyances made by such purchaser in fraud of the rights of his creditors.

APPEAL from a judgment of the special term dismissing the complaint.

*A. A. Redfield*, for the appellant.

*Abner C. Thomas* and *E. Terry*, for the respondents.

BRADY, J.:

The plaintiff was appointed the receiver of the property of Emma Birney, an alleged judgment debtor, and this action was brought by him to set aside a conveyance which it was alleged was fraudulently made by her.

The proceedings supplementary against her were founded upon an order directing her to pay the expenses and deficiency occasioned by her omission to complete her purchase at a sale in a foreclosure suit, and which might be shown by a resale of the mortgaged premises. The direction to resell was duly máde, although the order confirming the referee's report of the second sale appears to have been made *ex parte*, in that it was directed that execution might issue for the collection of the sum pronounced to be payable by Mrs. Birney on account of her failure to complete her purchase. The record does not show that any appeal was taken by Mrs. Birney from the order appointing the receiver or that any objection was urged against proceedings supplementary, founded upon the absence of any judgment warranting them. The objection urged successfully upon the trial herein was that there was no judgment existing against Mrs. Birney, inasmuch as she was not a party to the foreclosure action, and the order made requiring her to pay the deficiency mentioned was a mandate only, to be enforced as such and not a judgment *eo nomine*. It was not, it was said, rendered in an action against her commenced by summons and was not based upon pleadings. It was a continuation of the foreclosure suit only, and as to her as a purchaser, although by becoming such she submitted herself to the jurisdiction of the court. (*Requa* v. *Rea*, 2 Paige, 339; *Miller* v. *Collyer*, 36 Barb., 250.) The power of the court to order a resale and to direct the payment of any deficiency is

conceded. It is not questioned either that an execution may issue to enforce the payment commanded, but there, if the theory of the defendant's counsel be accepted, the remedy ceases. Where an execution may issue no attachment to punish for contempt in not paying money can be used. (Code Civ. Pro., § 14; *Myers* v. *Becker*, 95 N. Y., 493.) And it must follow that if, in contemplation of the execution, a conveyance be made with a fraudulent intent, no action can be maintained to invalidate it, inasmuch as there is no judgment existing based upon pleadings and the usual ceremonials to that end. This is supposed to be an erroneous view of the subject. The order of the court made in the foreclosure case arose out of a transaction with the court, and not with the plaintiff therein (*Miller* v. *Collyer*, *supra*), and the only issue that could arise would be as to the difference in amount between what was to be paid on the first and what was to be paid on the second sale, with the additional expenses. This was a matter of figures easily ascertained on the coming in of the referee's report, and was herein determined without objection, and, indeed, so far as the record is concerned, without dispute. There was no necessity for pleadings in form or for a summons, because Mrs. Birney was already under the jurisdiction of the court in the action, and substantially consented to the order of resale by making no opposition. The plaintiff herein is still the *quasi* officer of the court in that case, having been appointed to collect its judgment, which could not be enforced by execution alone, and invested with all the power possessed by receivers kindred to himself, at least as long as the order appointing him remains undisturbed. The order directing Mrs. Birney to pay the sum named should be regarded for the purposes of its collection as a judgment in all respects. It lacks nothing of the essential requisites of such formula. She subjected herself to the jurisdiction of the court, purchased under its decree, violated her contract thereby made, was cited to answer, submitted to the citation, and was duly ordered to pay a sum in order to keep her faith with the court or its decree.

For these reasons there should be a new trial. It is not deemed necessary to consider in detail the objections to forms and not substance urged on the appeal, inasmuch as they were of no controlling influence in the court below, in any respect the conclusion arrived at being predicate of the finding that no judgment had been entered,

and inasmuch, also, as independently of that, they are of no sufficient value, considered either singly or grouped together, to interfere with the views herein expressed, or to sustain the judgment.

DANIELS, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.