(21 Misc. Rep. 266.)

### BURTON v. LINN et al.

(Supreme Court, Special Term, New York County.   September, 1897.)

MORTGAGE FORECLOSURE — PURCHASER REFUSING TO COMPLETE PURCHASE — CONTEMPT.

A purchaser of real estate at a foreclosure sale is not punishable as for contempt in refusing to obey an order of court requiring him to complete the sale. The remedy is by ordering a resale of the property, and applying the original purchaser's deposit to the expense of the resale and the resulting deficiency.

Action by Edward V. Burton against Frank E. Linn and others to foreclose a mortgage.   At the foreclosure sale the property was bid in by Nora O'Connell.   An order requiring her to complete her purchase was served upon her, which she refused to obey.   Plaintiff moves to punish her for a contempt.   Denied.

J. C. De La Mare, for plaintiff.
Hunt V. Smith, for defendant Nora O'Connell.

RUSSELL, J.   The plaintiff's attorney requests an order punishing Nora O'Connell for contempt in not completing the purchase by her of certain plots of land bought at a sale had pursuant to a judgment of foreclosure.   Upon notice to her, an order was made requiring her to complete the purchase, and pay the balance of the purchase money over the 10 per cent. deposited within five days after the service of a copy of the order upon her.   She has neglected to comply with that order, probably on account of incapability, but the cause does not appear.   On the hearing of this motion to punish, her counsel did not oppose the motion on the merits, but requested time.   The motion, therefore, is practically unopposed, but orders are not granted, even in such cases, without scrutiny, and especially where the liberty of a person is involved.   There is no doubt but that the purchaser, by bidding at the sale, and allowing the premises to be struck down to her, subjected herself to the jurisdiction of the court as to all matters incidental to such sale.   Miller v. Collyer, 36 Barb. 250; Requa v. Rea, 2 Paige, 339; Cazet v. Hubbell, 36 N. Y. 676.   In 1808, in a case in the high court of chancery in England, Lord Chancellor Eldon expressed some doubt as to the power of the court of chancery to commit in such a case as this, but finally concluded he would not allow the purchaser

to baffle the court, and disobey the order, and so gave the order for judgment. Lansdown v. Elderton, 14 Ves. 512. But that decision was made in the days when the order of the high court of chancery was usually punishable in any case for disobedience as for contempt, and when imprisonment for debt upon simple contract was permitted in all cases. The tendency of the courts in more modern days has been to avoid or refuse imprisonment for debt for the nonpayment of money, even in cases where the party required to pay was trustee. Myers v. Becker, 95 N. Y. 486. Inability to pay is not a crime, and the difficulty and doubt in the way of correctly ascertaining whether that inability exists has led to the general rule that judgments or orders for the payment of money are enforceable only by proceedings against property. It is with this view that our Code of Civil Procedure (section 16) has enacted that, where it is not otherwise specially provided by law, no person shall be arrested or imprisoned for disobedience to a judgment or order requiring the payment of money due upon a contract, express or implied, or as damages for nonperformance of a contract. Where the payment of the money is connected with a duty which makes it a matter of obligation to the public, or to persons protected by the obligations of public duty, as in case of the payment of alimony for the support of a wife, imprisonment may well be directed until its nonefficacy has become apparent. Where a person is enjoined to do or refrain from doing an act, as the execution of a conveyance which he can alone execute, or the abstinence from the use of property which does not belong to him, imprisonment for contempt may well follow disobedience. Where fraud or wrong is coupled with the creation of the obligation, arrest may follow a failure to perform duty. But, where performance is in execution of a contract simply, the nonpayment of money should not be punished as for a crime. In the case at bar, the 10 per cent. deposit was undoubtedly required to protect against the necessity of a resale. If that percentage was not large enough, a better foresight should have required a larger percentage. Upon the amount realized upon a resale the deficiency can be readily ascertained, after deducting the added expenses, and the purchaser required to lose up to the amount of the deposit, or an execution issued to collect the amount to be paid. Motion to punish for contempt denied.

Motion denied.