DEVLIN v. HINMAN.

(Supreme Court, Appellate Division, Second Department.   April 18; 1899.)

1. FINAL ORDER—EXECUTION.

Where, pending suit, the money in question is deposited with the court, and judgment is rendered for defendant, and the money is paid over to him, and the judgment is reversed on appeal, and defendant is ordered to restore the money to the court, the order is not a final judgment, but, so far as restitution is directed, is a mere interlocutory order, which cannot be enforced by execution.

2. SAME—FUND IN COURT—CONTEMPT.

When the money had been paid into court, it became a fund in the hands of the court, to be held by it for delivery to the party who should finally establish a right thereto, and therefore neither party could obtain possession, under any contract relation, so as to be within Code Civ. Proc. § 1241, subd. 4, prohibiting proceedings for contempt where money is received by fraud under express contract.

3. SAME.

Defendant having received the money from the court, and being now without right to hold it by virtue of any order of the court, she becomes subject to any legal order which the court may make with respect to its disposition.

4. SAME—EXECUTION.

As the order of restitution does not direct the payment of the money to any person or party, but to the county treasurer, who is, for the purpose of the order, an officer of the court, an execution is not authorized by Code Civ. Proc. § 779, providing that, where moneys are not paid within the time fixed by an order, an execution against the personal property may be issued "by any party or person" to whom the sum of money is made payable.

5. CONTEMPT—POWER TO PUNISH.

Laws 1831, abolishing imprisonment for debt, and the subsequent amendments thereto, in no wise militate against the existence of the power to punish as for contempt for failure to obey an order of court, except so far as the remedy is made conclusive by execution.

6. SAME—WHAT CONSTITUTES.

Failure to pay over such money constitutes a civil contempt, and the remedy of its enforcement may be by precept of commitment as for contempt.

Appeal from special term, Kings county.

Action by John Devlin against Mary E. Hinman. From an order denying motion to compel defendant to deposit a certain sum

with the treasurer of Kings county, restitution of which had been ordered by the court to plaintiff, or, in default thereof, to strike out the answer of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John McCrone, for appellant.
Edward M. Grout, for respondent.

HATCH, J. By this application the plaintiff seeks to punish the defendant as for a contempt in failing to pay over moneys to the treasurer of the county of Kings, directed to be paid by an order of restitution granted by this court in reversing a judgment in the defendant's favor. The action was brought to recover a sum of money which the plaintiff claimed was held by the defendant in trust for him. The money was deposited in the defendant's name, by virtue of an agreement between the parties under which the plaintiff claimed the right to control and use the same. The defendant having refused to permit the plaintiff to withdraw the money from the bank, the action was brought by the plaintiff to establish his title thereto. The depository of the moneys, having been made a party to the action, set up that it was a mere custodian of the funds, and asked to be permitted to deposit the same to the credit of the action, and to be discharged from further liability on account thereof. This order having been made, the moneys were so deposited, and thereupon became a fund in the hands of the court to await final determination of the action. Upon the trial of the action the defendant obtained judgment in her favor, and thereupon served upon the depository a copy of the judgment entered, and demanded of it the funds in its hands, and the same were thereupon delivered to the defendant. Upon appeal, such judgment was reversed, and an order of restitution directed to issue. Upon the entry and service of a copy of this order upon the defendant, she failed to comply therewith, claiming that she was not then in possession of the money, or its equivalent in personal property. Thereupon this motion was made to punish the party as and for a contempt, for failure to obey the order of restitution; and, by way of penalty, the court was asked to strike out the defendant's answer.

It may be assumed that the court has the power to fix such penalty as punishment for such disobedience, if the failure to obey the order constitutes a contempt. Walker v. Walker, 82 N. Y. 260; Hovey v. Elliott, 145 N. Y. 126, 39 N. E. 841. The question, however, presented by this appeal, lies back of the penalty which may be inflicted for a contempt; and such question is, does the failure to obey the order directing restitution constitute the same a contempt of court, and does the party become entitled to such remedy? If the order of restitution is to be treated as a final judgment, then it is quite clear that the plaintiff's remedy is by execution, and proceedings to punish as and for a contempt will not lie. Meyers v. Becker, 29 Hun, 567, affirmed on appeal, 95 N. Y. 486; Geery v.

Geery, 63 N. Y. 252; In re Hess, 48 Hun, 586, 1 N. Y. Supp. 811. But it is evident that it is in no sense to be regarded as a final judgment. It does not assume to determine the rights of the parties in the action; and, so far as restitution is directed, it is a mere interlocutory order, having for its object the preservation of the fund, so that when the rights of the parties are finally determined by an end of the litigation, the subject-matter thereof may remain intact, to be awarded to the successful party. Final judgment concludes the action; all others are interlocutory. Code Civ. Proc. § 1200; Bouv. Law Dict. p. 828. It is, therefore, evident that the rule of these cases does not apply to this order; and it seems to be assumed that disobedience of such an order may be punished as and for a contempt, unless, by some provision of law, execution is expressly authorized. 95 N. Y. 486.

It is claimed by the defendant in the present case that, if this order partakes of the character of a final judgment, then it is to be enforced by execution, as provided by section 1240 of the Code of Civil Procedure; and, if it be treated as an order, then it falls within the provisions of section 779 of the Code, which also provides a remedy for its enforcement by execution; and that in no view can it be said to fall within the provisions of section 1241 of the Code, for the reason that the money was originally received by the defendant by virtue of an express contract, and that, by virtue of subdivision 4 of the last section, proceedings for contempt may not be taken in such a case.

We think there are several answers to these respective claims. Disposing of them in the inverse order of their statement, we find the first answer to be that the defendant did not obtain this money, and does not now hold it, by virtue of the provisions of the contract between herself and the plaintiff, for the reason that her present custody of the money is by virtue of the judgment obtained in her favor, which apparently established her right to the money. The money had ceased to be held either by the plaintiff or by the depository, as her agent, when the same was paid into court by virtue of the order which authorized the depository so to do. It then became a fund in the hands of the court, to be held by it for the purpose of delivery to the party who should finally establish right thereto. Consequently, neither party could then obtain possession of this money by virtue of any contract relation, but could only receive it by virtue of an order of the court. So that the defendant is in possession of this money at the present time solely by virtue of the authority derived from the judgment, and consequently, at the time when she received it, it was not by virtue of a contract, express or implied, or as damages for the nonperformance of a contract. Therefore, the case is not one within the exceptions of this subdivision of the Code. When the court took possession of this fund, it did so for the sole purpose of having the subject of the action under its control for delivery upon the final determination of the rights of the parties. That time has not yet arrived; and the defendant having received from the court the funds in its custody, and being now without right or authority to

hold them by virtue of any order of the court, her possession becomes the possession of the court, and she becomes, in respect of such fund, subject to any legal order which the court may make with respect to its disposition. This is the sole authority under which she holds; consequently, it is clear that she cannot resist the order of the court directing her to pay the money into its custody based upon any right under which she originally received such money.

We come, therefore, to the question, is an execution authorized by virtue of the provisions of section 779? It reads:

"Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid within the time fixed for that purpose by the order, * * * an execution against personal property only of the party required to pay them, may be issued, by any party or person, to whom the said costs or sum of money is made payable by said order."

The further provision of this section is:

"But nothing herein contained shall be so construed as to relieve a party or person from punishment as for contempt of court for disobedience to an order in any case when the remedy of enforcement by such proceedings now exist."

It is noticeable that the provisions of this section relate to the payment of money to a party or other person to whom the order requires it to be paid. This order of restitution does not direct the payment of the money to any person or party. True, it directs the payment to the county treasurer of Kings county; but such officer is neither a party nor a person, within the meaning of this section of the Code. For the purpose of this order, such officer is the court, for when the money is paid to him it is within the custody of the court; consequently such provision of the Code does not embrace such custodian within its terms. Neither does it assume to affect or change any remedy which existed at the time of its passage, if such remedy were by proceedings for contempt. It is said that the language "or any other sum of money" is in terms sufficiently broad to embrace the money directed to be paid by the order of restitution, and that such contention finds further force by reason of the fact that this language was added long subsequent to the adoption of the original section. The amendment which inserted these words was adopted in 1884, but their significance and effect had been more or less well settled prior to that time. Under the former chancery practice, the remedy authorized for the payment of costs or for any other sum of money was by precept of commitment. 2 Barb. Ch. Prac. 271–273; 1 Burrill, Prac. 292. The provisions of the Revised Statutes, from which the practice which now finds place in the Code was taken, authorized proceedings by contempt for the enforcement of such an order. 2 Rev. St. (2d Ed.) p. 441, tit. 13, § 1, subds. 3, 4. Subdivision 3 reads: "Parties to suits, * * * and all other persons, for the non-payment of any sum of money ordered by such court to be paid, in cases whereby law execution cannot be awarded for the collection of such sum," a court of record shall have power to punish by precept (section 1); and by section 4 is authorized a precept committing the person disobeying such order to prison as and for a contempt. It

is therefore evident that section 779 did not, in essential respects, change the law authorizing the use of such remedies as had existed prior thereto. And this appears for two reasons: First, the language is in substance the same as was contained in the Revised Statutes; and, second, by express provision the remedies existing prior thereto were expressly excepted in their operation in a proper case. In Brockway v. Copp, 2 Paige, 578, the court held that, under an interlocutory decree and the former chancery practice, authority existed to punish as for a contempt; and, under the provisions of the Revised Statutes to which reference has been made, if the right to issue an execution existed, the party was not thereby deprived of the right to proceed as for a contempt; that the remedies existed, and the use of either was at the option of the parties entitled to the remedy. In Strobridge v. Strobridge, 21 Hun, 288, it was held that the term "execution" as used in this section of the Code, is so used in a technical sense, and refers to the process provided by law for enforcing a final judgment, as distinguished from an order, and that the practice in regard to the enforcement of such order is regulated by proceedings as for a contempt (page 290). This case is quoted with approval in Meyers v. Becker, supra, and all of the cases seem to recognize that such a case falls within the provisions of section 2266 of the Code of Civil Procedure, which constitutes disobedience of such an order a contempt.

From what has preceded, it would seem to follow that section 779 of the Code does not furnish, in any event, the exclusive remedy for the enforcement of such order as we are now considering; nor is there anything found in the Laws of 1831, abolishing imprisonment for debt, and the subsequent amendments thereto, which in any wise militates against the continued existence of the power to punish as for a civil contempt for failure to obey the lawful mandates of the court, except so far as the remedy is made exclusive by execution,—which, as we have seen, does not apply to this case. Such practice was expressly continued by virtue of chapter 128, Laws 1832, and the substance of these laws has been made a part of the present Code in varying form. Dusenberry v. Woodward, 1 Abb. Prac. 443; Hall v. Emmons, 11 Abb. Prac. (N. S.) 435. It is quite possible that a remedy exists to enforce the interlocutory judgment by process of execution or by action; but these remedies are not exclusive; they are additional to the common-law remedies, which have been preserved by our present system of practice, and do not destroy the remedy by precept of commitment or the infliction of other proper penalties for failure to obey such mandate as has been issued in this case. Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963; Cunningham v. Hatch, 3 Misc. Rep. 101, 22 N. Y. Supp. 701; Kieley v. Manufacturing Co., 13 Misc. Rep. 85, 34 N. Y. Supp. 106.

But, aside from these considerations, we are of opinion that the case also falls within subdivision 4 of section 1241 of the Code of Civil Procedure. While, in a sense, as we have seen, the order of restitution is not a judgment, yet the judgment rendered by the court was of reversal, and upon such determination the party be-

comes entitled to enter a judgment, and make, as a part thereof, the order directing restitution of the money. Such judgment is not final, because it does not determine the rights of the parties. It is interlocutory, and is within the meaning, as we think, of the judgments mentioned in this section of the Code. Marvin v. Mining Co., 56 N. Y. 671. It appears from Mr. Throop's note to this section that the decision in Gray v. Cook, 24 How. Prac. 432, had so far raised a doubt as to the existence of any remedy to punish by contempt for refusal to comply with judgments and decrees in equity actions that the two sections 1240 and 1241 became necessary to settle the practice in that regard. It may be observed that more clearness in expression as to the meaning of these two sections might have been secured, but the purpose is still clear enough to admit of the application and enforcement of the remedies for which the sections provide. In the Gray Case, while in form the direction to pay over the money was by order, yet it was treated by the court as a final judgment, and one therefore to be enforced by execution. In the present case, while the determination of the court upon appeal resulted in a judgment, yet, as we have seen, it was not final, but was yet a judgment within the meaning of this section of the Code. The money directed to be paid over not being held or having arisen under the exceptions contained therein, we think it falls within its provisions, and authorizes the remedy by contempt. Nothing in O'Gara v. Kearney, 77 N. Y. 423, conflicts with this view. In that case the order of restitution was held to be, in effect, a judgment for a sum of money; and, inasmuch as it directed payment to the party in the action, it was held that the proper remedy for enforcement was by execution. In the present case, the money is not directed to be paid to any party, but is directed to be paid into the custody of the court, and therefore falls within the exception noted in that case. Judge Danforth there said:

"By section 1240, a judgment may be enforced by execution (1) 'where it is for a sum of money in favor of either party, or directs the payment of a sum of money'; and section 1241 indicates certain cases where a judgment not obeyed by the party may be enforced by punishing him for contempt, viz. (1) when it is final, and cannot be enforced by execution, as prescribed in section 1240; * * * (4) when the judgment requires the payment of money into court or to an officer of the court."

Our conclusion, therefore, is that disobedience of this order constitutes a civil contempt, and that the remedy for its enforcement may be by precept of commitment as for a contempt. It does not necessarily follow, however, from this conclusion, that the defendant's answer should be stricken from the record. What disposition she has made of this fund does not clearly appear from the opposing affidavits, nor does it clearly appear that she is unable to comply with the order. The order of restitution does not direct the disposition of specific property; the specific thing is not what is sought after, but its equivalent is the purpose of the order. The court undoubtedly has the power, in a proper case, to relieve from the order where there is inability to make compliance. Code Civ.

Proc. § 2286; Cochran v. Ingersoll, 13 Hun, 368; Wheelock v. Noonan, 55 N. Y. Super. Ct. 302. It follows that the order should be reversed, and the case remitted to the special term for disposition, without prejudice to the right of the defendant to make proof respecting her ability to comply with the order.

Order reversed, with $10 costs and disbursements to the appellant, and application remitted to the special term for further hearing. All concur.