RICHARD D. HARRIS, Appellant, *v.* GEORGE ELLIOTT et al., as
  Executors of JOHN ELLIOTT, Deceased, et al., Defendants;
  ELIZABETH C. WALKER, as Administratrix of THOMAS M.
  WHEELER, Deceased, Respondent.

CIVIL CONTEMPT — JUDGMENT DIRECTING PAYMENT OF A SUM OF
MONEY NOT ENFORCEABLE THEREBY — CODE CIV. PRO. § 14, SUBDS. 1, 3;
§ 1240.  A judgment, rendered in an action wherein the assignee in trust
of a mortgage seeks the direction of the court as to the disposition of the
proceeds, adjudging, among other things, that within five days from the
service of a copy of the judgment and notice of entry thereof, the
assignee shall pay a certain sum to the estate of a creditor, is a judgment
directing the payment of a sum of money within the meaning of section
1240 of the Code of Civil Procedure, is entitled to be docketed by the
proper clerk, is enforceable only by execution, and cannot, where the clerk
has refused to docket it upon the ground that it was not by its terms
immediately payable, and the assignee has refused to pay it upon service
of a certified copy thereof, be enforced by proceedings for a civil contempt
under either subdivision 1 or 3 of section 14 of said Code.
  *Harris* v. *Elliott*, 48 App. Div. 98, reversed.

  (Argued April 18, 1900; decided June 5, 1900.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial department,
made February 9, 1900, affirming an order of Special Term
adjudging the plaintiff guilty of a civil contempt and imposing
a fine upon him of $1,373.48, and committing him until pay-
ment, or his sooner lawful discharge, for that he refused to
pay to the defendant Elizabeth C. Walker, as administratrix,
$1,170.20, with interest from April 14, 1897, pursuant to a
judgment which directed him to make such payment within
five days after the service of a copy of the decree upon him.

  The Appellate Division gave the plaintiff leave to appeal
and certified to this court the following question:

  "Whether, upon the record on the plaintiff's appeal to this
court from said order of January 5th, 1900, the Supreme
Court has power to enforce payment of the judgment in favor
of the respondent, Elizabeth C. Walker, against the plaintiff

for the sum of $1,284.28, with interest, by punishment of the plaintiff for contempt of court."

The proofs upon the motion to punish plaintiff for contempt were:

(1) That the plaintiff formerly held a certain mortgage described in his complaint in trust for various purposes, and, amongst others, for the benefit of Thomas M. Wheeler.

(2) That he brought a suit in which he prayed the judgment of the court as to the rights of the respective parties to and in the proceeds of this mortgage, and in his complaint alleged: ·

" That this plaintiff has collected the balance due on said mortgage, and now has in his hands a balance of $10,742.38, and holds the same together with interest on said sum from March 9, 1893, subject to the rights and interests of the parties hereto. ·

" That the plaintiff is ready to deposit the money in his hands in court, or to make such other disposition of the same as the court may direct."

(3) That by a stipulation made in the suit, dated December 6, 1896, it was determined that the interest of Elizabeth C. Walker, as administratrix of the estate of Thomas M. Wheeler in this fund, was then $1,170.20.

(4) That by her answer to the supplemental complaint the administratrix prayed that " the plaintiff, as trustee of the fund mentioned in the complaint, be adjudged to pay to her the sum of $1,170.20, with interest from April 1, 1897."

(5) That on the trial of the issues the court determined as follows:

" As far back as 1889 the plaintiff became the assignee in trust of a mortgage for the purpose of securing payment of certain moneys to Riggs & Co., and of depositing in a trust company a sum as security for fees of John Elliott. The plaintiff, having a balance in his hands as such trustee, began an action in equity November 10, 1895, setting out his trust relations, specifying the fund and the claims upon it, asking that the amount owing to defendants be ascertained, and

praying a determination of the plaintiff's claims upon the fund."

The portion of that judgment which it is sought to enforce by contempt process reads as follows:

"And it is further ordered, adjudged and decreed, that the plaintiff, Richard D. Harris, pay within five days after the service of a copy of this decree and of notice of entry of this decree upon him or his attorneys unto the estate of Thomas M. Wheeler, deceased, or Wyllys Hodges, his attorney, the sum of $1,170.20, with interest thereon from the 14th day of April, 1897, amounting to the sum of $114.08 (amounting in all to the sum of $1,284.28)."

The county clerk of New York county refused, on the defendant's application, to docket the judgment against the plaintiff on the ground "that said judgment was not by its terms immediately payable, but was payable five days after the service of a copy of said decree and notice of entry thereof, and that it was for this reason not docketable by law."

A certified copy of the judgment was served upon the defendant, due demand of payment made, and payment refused.

*Otto C. Wierum* for appellant.  The Supreme Court has no general, punitive power, independent of statute, to enforce its money decrees by commitment for contempt. (*Matter of Watson* v. *Nelson*, 69 N. Y. 537; *People ex rel. Fries* v. *Riley*, 25 Hun, 587; *Sherwin* v. *People*, 100 N. Y. 358.) The Supreme Court has no power to enforce a money judgment by contempt process in a case where an execution can issue and the judgment does not direct payment into court or to an officer of the court. (*Matter of Hess*, 48 Hun, 586; *Gildersleeve* v. *Lester*, 68 Hun, 535; *Devlin* v. *Hinman*, 40 App. Div. 101; 161 N. Y. 115.) The judgment in the case at bar is enforceable by execution, and for that reason the remedy by contempt does not lie. (*Norton* v. *Talmadge*, 3 Edw. Ch. 310; *Jacquin* v. *Jacquin*, 36 Hun, 378; *Branth*

v. *Branth*, 20 Civ. Pro. Rep. 34; *O'Gara* v. *Kearney*, 77 N. Y. 423; *Kittel* v. *Steuve*, 24 Civ. Pro. Rep. 223; *P. Nat. Bank* v. *Tailor*, 23 Civ. Pro. Rep. 47; *DeAgreda* v. *Mantel*, 1 Abb. Pr. 130; *Cobb* v. *Thornton*, 8 How. Pr. 66.)

*Everett P. Wheeler* for respondents. Defendants were not confined to an execution for the enforcement of the judgment. (*Husted* v. *Thomson*, 158 N. Y. 328.)

LANDON, J. The sole question is as to the power of the Supreme Court upon this record to enforce payment of the judgment by punishment for contempt. We assume the practice to be regular in form. The point of the appellant is that this judgment can be enforced by execution, and, therefore, cannot be enforced by punishment for contempt. He relies upon the provisions of the Code of Civil Procedure. The respondent relies upon such provisions, and also contends that apart from them the Supreme Court has power to punish disobedience to its judgments in proper cases, as part of its general jurisdiction in law and equity, and as a necessary and inherent power in cases omitted in the statutes, to enforce its judgments. This may be so, as to contempts in civil cases, since the statutory restriction as to criminal contempts expressed in Code C. P., sec. 8, is not repeated in section 14 as to contempts in civil cases. So far, however, as the statutes define and limit the power they must be observed. (*People ex rel. Fries* v. *Riley*, 25 Hun, 587; *Sherwin* v. *People*, 100 N. Y. 351–358.)

Passing to inquire whether the statutes provide for the case before us, we find the following Code provisions:

Sec. 14. "A court of record has power to punish, by fine and imprisonment, · or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in either of the following cases:

"1. An attorney   *   *   *   or other person, in any man-

ner duly selected or appointed to perform a judicial or minis-terial service, for a misbehavior in his office or trust   \*   \*   \* or for disobedience to a lawful mandate of the court."

"3. A party to the action   \*   \*   \*   for the non-payment of a sum of money, ordered or adjudged by the court to be paid, in a case where by law execution cannot be awarded for the collection of such sum."

Sec. 1240. "A final judgment may be enforced by execution:

"1. Where it is for a sum of money, in favor of either party; or directs the payment of a sum of money."

Sec. 1241. "In either of the following cases a judgment may be enforced   \*   \*   \*   by punishing him for a contempt of court:

"1. Where the judgment is final, and cannot be enforced by execution, as prescribed in the last section (1240)."

\*    \*    \*    \*    \*    \*    \*    \*    \*

"4. Where the judgment requires the payment of money into court, or to an officer of the court." (Excepting cases not material here.) "If the judgment is final, it may be enforced, as prescribed in this section, either simultaneously with, or before or after the issuing of an execution thereupon, as the court directs."

Sec. 2266. "In a case specified in section 14 of this act \*   \*   \*   the offense must be punished as prescribed in this title."

Sec. 2268. "Where the offense consists of a neglect or refusal to obey an order of the court, requiring the payment of costs, or of a specified sum of money, and the court is satisfied, by proof, by affidavit, that a personal demand thereof has been made, and that payment thereof has been refused or neglected; it may issue, without notice, a warrant to commit the offender to prison," etc.

Section 1245 requires the county clerk to keep one or more books "in which he must docket, in its regular order and according to its priority, each judgment, which he is required by this article to docket."

Sec. 1246. "Each clerk, specified in the last section, must, when he files a judgment roll upon a judgment, rendered in a court of which he is clerk, docket the judgment, by entering, in the proper docket book (among other particulars), (3) The sum recovered, or directed to be paid, in figures."

This judgment directed the payment of a sum of money by the plaintiff to the defendant, and did not direct its payment into court, or to an officer of the court. The clerk, therefore, should have docketed the judgment, and being a ministerial officer, could have been thereunto compelled by mandamus.

The fact that the judgment directed payment within five days after the service of a copy of this decree did not make it undocketable. (*Jacquin* v. *Jacquin*, 36 Hun, 378; *O'Gara* v. *Kearney*, 77 N. Y. 423.)

That provision probably forbade the issue of an execution until the expiration of the time given to the plaintiff to make payment, and in this respect was not unlike a stay of execution sometimes granted to the defeated party upon a judgment from which he intends to appeal. If, meantime, the plaintiff had paid it he would have been entitled to a satisfaction piece from the defendant. (Sec. 1261.)

The judgment being docketed (sec. 1365), the defendant at the expiration of the time given could have issued an execution. (*Devlin* v. *Hinman*, 40 App. Div. 101; affd., 161 N. Y. 115; *People ex rel. Fries* v. *Riley*, *supra*; *Matter of Watson* v. *Nelson*, 69 N. Y. 544; *Myers* v. *Becker*, 95 N. Y. 486; *Matter of Hess*, 48 Hun, 586, 588; *Randall* v. *Dusenbury*, 51 How. Pr. 367; affd., 9 J. & S. 456.)

The defendant argues that the plaintiff, by alleging in his complaint that he had the money in his hands; that the defendant and others asserted an interest in it, the amount of which he did not know and wanted the court to determine; that he was ready to deposit it in court, or make such other disposition of it as the court should direct, thereby in effect brought the fund into court, and thus with the implied sanction of the court appointed himself to ministerial service as its custodian for the court (Sec. 1241, subd. 4, *supra*), subject

to its order, and, therefore, as such custodian subject to punishment for his disobedience.

But no order was made requiring the plaintiff to deposit the fund in court or appointing him its receiver. He did not bring it into court. He is not the custodian of the court. He is a party to the action, still protesting against the justice of this judgment. The defendant's argument might well have been addressed to the trial court in support of an application for a judgment declaring the plaintiff the trustee of the fund and in actual present possession of it and requiring him to pay it into court for the distribution to be provided in the judgment. (Sec. 1241, subd. 4, *supra.*)

For the plaintiff to withhold the fund in such a case is very different from refusing to pay a sum which the party, although a trustee, may have lost. Mr. Justice DANIELS in *Jacquin* v. *Jacquin* (36 Hun, 381), in commenting upon subdivision 4 of section 1241, pointed out this distinction. It seems to be just. (*Gildersleeve* v. *Lester*, 68 Hun, 535 ; *Matter of McBride*, 6 App. Div. 376.)

We must, however, pass upon the judgment as it is and not upon what it might have been. We cannot enlarge its provisions — certainly not at the expense of the plaintiff's liberty. (*Ketchum* v. *Edwards*, 153 N. Y. 534.)

It is a final judgment directing the plaintiff to pay the defendant a sum of money, in which the plaintiff is indebted to the defendant, docketable, and exclusively enforceable by execution.

The question certified must be answered in the negative, and, therefore, the order must be reversed, with costs, and the motion denied, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Order reversed, etc.