(Supreme Court, Special Term, New York County. June, 1904.)

1. SUPREME COURT—JURISDICTION—CONTEMPT.

 Under Laws 1877, p. 547, c. 466, § 22, as amended by Laws 1894, p. 269, c. 134, providing that a final decree directing the payment of money to an assignee for the benefit of creditors may be enforced by serving a copy thereof on the assignee, and, if the assignee willfully neglects to obey such decree, by punishing him for contempt, the Supreme Court has concurrent jurisdiction with the county court to punish an assignee for the benefit of creditors as for contempt, where he has willfully neglected to obey a decree for payment of money, a certified copy of which has been previously served on him; Laws 1885, p. 626, c. 380, giving the Supreme Court concurrent jurisdiction with the county courts.

In the matter of the assignment of Michael Merklen and others. Henry C. Schrenkeisen moves to vacate an order adjudging him guilty of contempt. Denied.

Kneeland, La Fetra & Glaze (Stillman F. Kneeland, of counsel), for the motion.

Francis A. Dugro (John P. Herren, of counsel), opposed.

GIEGERICH, J. The single question presented upon this motion concerns the jurisdiction of the court to make the order complained of. The facts, briefly stated, are that the assignee for the benefit of creditors failed to pay a dividend of several hundred dollars, as directed in the final decree entered after his account had been taken and stated before a referee. Upon the application of the aggrieved party, an order was made adjudging the assignee guilty of contempt in having disobeyed the provisions of the said final decree, which directed him to make the payment referred to, among others, and fining him the amount of such dividend, and committing him to jail until such payment be made, where he is still in custody.

The jurisdiction of the court to make the order is attacked upon the authority of Harris v. Elliott, 163 N. Y. 269, 57 N. E. 406, decided upon the general provisions of the Code of Civil Procedure, and Myers v. Becker, 95 N. Y. 486, decided under the analogous provisions of the Revised Statutes. It is unnecessary to consider what effect the cases cited would have upon the present question, if its decision depended upon general provisions of law. But it is controlled by a specific enactment contained in section 22 of the general assignment act, being chapter

466, p. 547, of the Laws of 1877, as such section was amended by chapter 134, p. 269, of the Laws of 1894, which amendment expressly declares:

"A final decree, directing the payment of money, may be enforced by serving a certified copy thereof personally upon the assignee for the benefit of creditors, and if said assignee willfully neglects to obey said decree, by punishing him for a contempt of court."

To be sure, the various powers under the general assignment act (Laws 1877, p. 543, c. 466), including those in section 22, are in terms conferred upon county courts; but early in the history of the act, to wit, in chapter 380, p. 626, of the laws of 1885, the Supreme Court was given full concurrent jurisdiction with the county courts. Moreover, by section 24 of the original act (Laws 1877, p. 547, c. 466), all the powers of a county judge under the act were, within the city and county of New York, conferred upon judges of the court of common pleas, and that court was given full jurisdiction in relation to assigned estates. Upon the consolidation of the courts by the new Constitution, the jurisdiction theretofore exercised by the court of common pleas was expressly vested in the Supreme Court. Const. art. 6, § 5. Upon all this I think it should be held that the Supreme Court, as well as the county courts, possesses the new power conferred by the amendment of 1894.

It is also claimed that the papers on which the commitment was made are defective, in failing to show that the title to the claim, which was originally vested in the Union Square Bank, ever passed to the Corn Exchange Bank, on whose behalf the order of commitment was obtained. It may be that there is some lack of definiteness in the original papers upon the point of such tranference of title, but this defect is cured by the affidavit on which the order to show cause to vacate was obtained, which affidavit states explicitly that the Union Square Bank assigned its interest in the sum in question to the Corn Exchange Bank. The motion should, therefore, be denied, but without costs.

Motion denied, without costs.

In re Mohawk Press, Inc. (Jary)
Motion to punish an assignee for the benefit of creditors for contempt of court
It is granted (Matter of Merklen, 44
169; sec. 18, Debtor and Creditor
sec. 15, subdiv. 10, Debtor and Creditor
for Law). Settle order.
Ponti v. 342 West 42d St.
Motion is granted.

v. A. FRIEDERICK & SONS CO.

(Trial Term, Monroe County. June, 1904.)

INDEPENDENT CONTRACTOR—NEGLIGENCE.

Where an independent contractor for the mason work in a building was not required by his contract to place guards around the elevator shafts, or to keep the floors of the building free from the brick and mortar naturally accumulating thereon, evidence that a workman of the contractor for the electrical lighting of the building, who, in order to reach his place of work, had to descend a ladder and travel through a pile of brick and mortar left by the defendant opposite an elevator shaft, was last seen at night at the top of the ladder, and was found dead at the bottom of the shaft, which had been left unguarded, does not render such defendant liable; the corridor being well lighted, and plaintiff's intestate being familiar with the surroundings.