## McCARTNEY'S ADM'R *vs.* BONE AND WIFE.

[CITATION TO ADMINISTRATOR FOR FINAL SETTLEMENT.]

1. *Presumption of settlement from lapse of time.*—After the lapse of twenty years from the time when an executor or administrator may be cited to a final settlement, the presumption of settlement and payment arises in his favor; and this presumption is not rebutted or destroyed by proof of any disability, such as infancy or coverture, on the part of the distributees by whom he is afterwards cited to a settlement.

APPEAL from the Probate Court of Madison.

IN the matter of the estate of James McCartney, deceased, on the application of Matthew H. Bone and Martha, his wife, (formerly the widow of said James McCartney,) to compel a final settlement of the accounts and vouchers of Fleming Jordan, as administrator. The deceased died in 1831; and letters of administration on his estate were granted by the orphans' court of said county, on the 29th August, 1831, to said Fleming Jordan and the decedent's widow. The widow married George I. Weaver, on the 29th January, 1833; and on the 16th August, 1842, after the death of said Weaver, she married said Matthew H. Bone. On the 9th November, 1841, said Jordan filed his accounts and vouchers for a final settlement; and a decree was thereon rendered by said court, allowing the account as stated, and adjudging to the widow and the two infant

distributees, each, their portion of the balance ascertained to be in the hands of the administrator; but this decree was never regularly entered on the minutes. The citation in this case was issued on the 18th August, 1857. The administrator appeared, in answer to the citation, and objected to filing an account, on account of the lapse of time. The court overruled the objection, and required him to file an account; and on the account thus filed, rendered a final decree against him, on the 25th April, 1859. The administrator reserved an exception to the overruling of his objection, and also to several rulings of the court on the hearing; and he here assigns these several matters as error, together with the final decree of the court.

JAMES ROBINSON, for appellant.—The lapse of twenty years from the time when an administrator may be compelled to make a final settlement, raises the presumption of settlement in his favor, and bars any proceedings against him after that time.—*Rhodes v. Turner and Wife*, 21 Ala. 217; *Barnett's Executor v. Tarrence*, 23 Ala. 466; *Gaunt's Adm'r v. Phillips*, 23 Ala. 275; *McArthur v. Carrie's Adm'r*, 32 Ala. 91. This rule is intended to protect executors and administrators, and the presumption is conclusive.

WALKER & BRICKELL, *contra.*—The presumption of payment or settlement, arising from lapse of time, is not conclusive, but is liable to be disputed and rebutted by circumstances. Originally adopted in equity to discourage stale demands, and then applied at law to cases which were not within the strict letter of the statue of limitations, it was subjected to all the exceptions recognized by that statute, and other exceptions even were allowed. Infancy and coverture are express exceptions from the statute, and the same effect must be allowed to them when the presumption is set up as a bar.—1 Greenl. Ev. 39; 1 Cowen & Hill's Notes, 504; Matthews on Presumptive Eidence, 16; *Penrose v. King*, 1 Yeates, 544; *Dunlop v. Ball*, 2 Cranch, 180; *Mitchell v. Owinge*, 3 Marsh. 316; *Bearden v. Searcy*, 3 Marsh. 544; *Bartlett v. Bartlett*, 9 N. H.; *Bailey v. Jackson*, 16 John. 210; *Abbott v. Godfrey*, 1 Mann. (Mich.) 178;

*Gray v. Givens*, 2 Hill's Ch. 514; *McQueen v. Fletcher*, 4 Rich. Eq. 152.

2. The attempted settlement in 1841, though invalid as a settlement, was a recognition that the trust was then subsisting, and prevented the operation of the presumption, as an admission will prevent or remove the bar of the statute of limitations.—*Blackwell v. Blackwell*, 33 Ala. 61; *McQueen v. Fletcher*, 4 Rich. Eq. 152; *Stout v. Swan*, 3 Barr, 235; *McDowell v. McCullough*, 17 Serg. & R. 53.

BYRD, J.—In 1857 the appellees caused a citation to be issued from the probate court of Madison county to the appellant, requiring him to appear and show cause why he should not make a final settlement of his administration of the estate of James McCartney, deceased. He appeared, and for cause averred, that McCartney died, intestate, early in the year 1831; that on the 29th day of August of that year, the then orphans' court of said county granted letters of administration to one of the appellees and appellant; that they gave a joint administration bond, "qualified, and took on them the burden of said office"; that said appellee has never resigned her said office, nor have said letters in any manner been revoked or vacated; that appellant, on the 9th day of November, 1841, filed an account between himself and said estate, as such administrator, and his vouchers for a final settlement of his said administration; and that on the 9th day of November, 1841, the then judge of said court allowed said account, and made a decree thereon.

Upon these facts, the appellant objected to state and file any account of his said administration, because of the lapse of time since the grant of administration. The court overruled the objection, and appellant excepted, and then filed an account, upon which a decree was rendered against him.

It appears that over twenty-five years elapsed after the grant of letters of administration, and before the commencement of this proceeding; and more than twenty years after appellant could have been called upon to make a final settlement of his administration of the estate. Upon such a state of facts, the objection of the appellant was well

made, and should have been sustained.—*Gaunt's Adm'rs v. Phillips*, 23 Ala. 275; *Barnett's Ex'rs v. Tarrence*, 23 Ala. 466; *McArthur v. Carrie's Adm'r*, 32 Ala. 91; *Blackwell's Adm'rs v. Blackwell*, 33 Ala. 58; *Rhodes, ex'r &c. v. Turner and Wife*, 21 Ala. 217; *Worley v. High, adm'r*, at the last term; *Milton v. Haden*, 33 Ala. 30; *Austin v. Jordan*, 35 Ala. 642.

The fact that appellant, in 1841, filed an account for a final settlement, upon which a decree was rendered, without notice to the distributees, does not relieve the case from the influence of the principles settled in the cases above cited. The tendency of the fact was not in conflict with the presumption that a final settlement with the distributees had been made by appellant; but it was entirely consistent with, if not in corroboration of, such a presumption. Without asserting that the lapse of twenty years raises a conclusive presumption of such a settlement, (as to which, see the case of *McArthur v. Carrie's Adm'r, supra,*) we are satisfied that the evident result of the decisions of this court, and of the reasoning employed in the opinions thereof, is the establishment of the rule, that after the lapse of twenty years from the time when an administrator may be called upon to make distribution of the estate of his intestate, he cannot be compelled to make a distribution thereof, unless he has made some admission binding in law, or done some act which will remove the bar created by the presumption in favor of a settlement with the distributees; and no disability on their part, such as infancy or marriage, will avail to rebut the presumption. If so, then the reasoning in the cases of *Rhodes v. Turner*, *Barnett v. Tarrence*, and *Austin v. Jordan*, is unsound. It is said in the first case, and quoted in the other two, that, "if the parties allow this period to elapse, without taking any steps to compel a settlement, we think the presumption of payment arises, and the executor or administrator should be exempted from the necessity of hunting up evidence, to prove the accounts and vouchers which ordinarily enter into such settlements, and which, after such a lapse of time, it would perhaps be impossible to obtain. The period of twenty years, we apprehend, would date from the time

when the administrator might have been called to a final settlement of the estate." This reasoning applies with as much force against distributees who are infants, as against those who are adults, and no discrimination has been made between them in the application of this presumption, by the adjudications of this court.

We admit that other courts have made decisions adverse to this view, and have allowed deductions to be made on account of such disabilities. In the cases of *Milton v. Haden*, and *McArthur v. Carrie's Adm'r, supra*, it is decided that this presumption may be overturned; but that "proof, to be effectual for this purpose, must be addressed to the *character* of the plaintiff's possession, either in *acquisition* or *use*." This was said with reference to the possession of personal property for twenty years; and we see no reason why the same rule should not be applicable, by analogy, to a legal duty or obligation of this character.

Much strength is given to this conclusion, by a reference to the powers which our statutes have always conferred on the orphans' and probate courts over the settlement of administrators and estates. The presumption is one in favor, and for the protection, of administrators. This presumption does not apply, where the statute of limitations is applicable, except so far as section 2486 of the Code does so; and therefore the provisions of that section do not apply to a case like this. This rule has been so long acquiesced in, as to become a rule of property, which should not be unsettled without the highest and weightiest reasons and considerations. If a disability should exist through the whole period of twenty years, and there should be *no one authorized by law* to receive payment for the party to whom the disability attached, then an exception *might* be made in favor of such party, similar to the one allowed where staleness is insisted on as a bar to an equitable demand. But that question does not arise in this case, and we intimate no opinion upon it.—*Johnson v. Johnson*, 5 Ala. 90.

This view of the case relieves us from the necessity of an adjudication of the other questions raised by the assignments of error, and discussed by counsel; especially, as upon another trial the facts may be materially variant.

Being satisfied that, upon the record and the authorities herein referred to, the court below erred in the decree rendered, it only remains for us to say that the decree of the probate court must be reversed, and the cause remanded.