# Greenlees, Adm'r, *v.* Greenlees, *et als.*

## Bill in Equity to settle Administration.

1. *Lapse of time; how may be set up.*—It is settled in this State, that in courts of equity lapse of time rendering a demand stale, or the statute of limitations, the bill disclosing that the claim or demand is obnoxious to either, may be taken advantage of by answer or demurrer, as well as by plea.

2. *Executor or administrator ; what lapse of time necessary to constitute bar in favor of, against distributee.*—Under the decisions of this State the lapse of twenty years, during which time there is no acknowledgment by the personal representative of the existence of the trust, will constitute a bar to any proceedings by a legatee or distributee for a settlement of the estate; but this time is to be computed not from the grant of letters, but from the period at which the personal representative could have been coerced to settlement.

3. *Statute of limitation; to whom do not apply.*—Suits against a personal representative to compel a settlement of his trust, are not within the terms or spirit of the statute of limitations, and there is no statutory bar to such proceedings; and the fact that his sureties on his bond are protected by a statutory limitation, cannot avail the personal representative, who is liable to those beneficially interested, independently of his bond.

[Greenlees, Adm'r, v. Greenlees et als.]

APPEAL from Sumter Chancery Court.

Heard before Hon. A. W. DILLARD.

This was a bill filed on the 26th of December, 1878, by the appellees, John Greenlees and his sister, against the appellant, Hugh Greenlees, as the administrator of their deceased mother, Isabella Greenlees, who had died in Sumter county in 1859, and upon whose estate the appellant was appointed administrator on the 11th day of January, 1859. The bill alleged that the appellant had sold large quantities of land belonging to said estate and had received the purchase money, and that no settlement of said administration had ever been made, and prayed an account and settlement in the Chancery Court. The appellant assigned three grounds of demurer : 1. That the demand sought to be enforced was stale. 2. That the demand sought to be asserted is barred by the statute of limitations of ten years. 3. That the demand sought to be enforced was barred by the statute of six years. These demurrers the chancellor overruled, and the defendant brings the case here by appeal.

SNEDECOR & COCKRELL, for appellant.

THOMAS B. WETMORE, contra.

BRICKELL, C. J.—It is a settled practice in courts of equity in this State, that lapse of time, rendering a demand stale, or the statute of limitations, the bill disclosing that the claim or demand is obnoxious to either, is available not by plea only, but by demurrer or answer.—1 Brick. Dig. 699, § 859.

The present bill is filed by the next of kin against an administrator, to compel him to an account of his administration, and to distribution. Twenty years from the grant of administration, less fourteen days, had elapsed before the filing of the bill, and no reason for the long delay, no disability of any of the parties complaining, is averred. The demurrer interposes three distinct grounds : *First*, that the demand is stale ; *second*, that it is barred by statute of limitations of six years ; *third*, that it is barred by the statute of limitations of ten years.

An administrator or an executor stands to creditors next of kin, and legatees in relation of a trustee of an express trust, and the statute of limitations has no application, and is not available to him, unless he could show an open disclaimer of the trust, of which the *cestui que trust* had notice, continuing for the length of time prescribed as a bar. The sureties on this bond, not standing in the relation of trustees,

bound only by contract, are protected by the terms of the statute.—Code of 1876, § 3226; *Fretwell v. McLemore*, 52 Ala. 124. Prior to the Code, actions of debt or covenant founded on any *single or penal bill for the payment* of money only, were barred after sixteen years.—Clay's Dig. 327, § 81. It was often decided, that suits in equity, or proceedings in the court of probate, against an executor or administrator, were not within the words or spirit of this statute, and that there was no statutory bar to such suits or proceedings. The only changes in the statute made by the Code are, prescribing six years as a bar to suits against the sureties, "the time to be computed from the act done, or omitted by their principal, which fixes the liability of the surety," and limiting actions " founded upon any contract, or writing under seal," to ten years. Code of 1876, § 3225. In addition, the limitations to actions at law, are applied to suits in chancery.—Code of 1876, § 3758.

The second ground of demurrer has consequently no foundation. The principal cannot invoke a statute intended for the benefit of, and by its terms expressly limited to his sureties. Nor can he invoke the statute of ten years. The suit is not founded on the bond, which is but a security for his faithful discharge of the trust confided to him. It is founded on the trust, and is without the operation of the statute of limitations. The trust would exist, and he would be compelled to its faithful discharge and execution, though no bond had been given. A grant of administration, though accompanied with an express direction that the administrator shall give bond, is not void, but only voidable, if he neglects or fails to give it. - *Ex parte Maxwell*, 37 Ala. 262. The statute of ten years was not intended for the protection of an executor or administrator called to an account of his administration by the *cestui que trust*. The principle yet remains, undisturbed by statute, that an express trust, peculiarly and exclusively the subject of equitable jurisdiction, is not within the operation of the statutes of limitation.—1 Brick. Dig. 699, § 856. The trust may by legislation now fall within the jurisdiction of the court of probate; it is not the less an equity, its character is not changed, and over it, courts of equity retain their original jurisdiction unimpaired.

A demand for the enforcement of an express trust, may, however, grow stale, and courts of equity acting on " their own inherent doctrine of discouraging for the peace of society, antiquated demands," may refuse to interfere. "It is often suggested," says Judge Story, " that lapse of time constitutes no bar in cases of trusts. But this proposition must be received with its appropriate qualifications. As long as the relation of trustee and *cestui que trust* is acknowl-

edged to exist between the parties, and the trust is continued, lapse of time can constitute no bar to an account or other proper relief for the *cestui que trust.* But where the relation is no longer admitted to exist, or time and long acquiescence have obscured the nature and character of the trust, or the acts of the parties, or other circumstances give rise to presumptions, unfavorable to its continuance ; in all such cases, a court of equity will refuse relief upon the ground of lapse of time and its inability to do complete justice."—2 Story's Equ. § 1520.

It has long been the settled doctrine of this court, from which there has been, and can be no departure, that if the parties interested in the administration of an estate, suffer twenty years to elapse from the time, the executor or administrator could be called to account, and there is no recognition of the trust as continuing and undischarged, the lapse of time is a positive bar to a suit in equity, or to proceedings in the court of probate. No disability of the parties, no inability of suit, will prevent the bar from attaching. It can be avoided only by an admission or recognition of the trust as continuing unsettled.—*Harrison v. Heflin,* 54 Ala. 552. The time is computed, not from the grant of administration, but from eighteen months thereafter, when proceedings for a settlement of the administration can be properly instituted. A less period than twenty years has not been deemed as operating a bar, and if there be any special circumstances which would render a demand for a settlement of an administration stale, according to the doctrines of a court of equity within less than twenty years, they are not disclosed by the present bill.—*Johnson v. Johnson,* 5 Ala. 90. Twenty years from the period, when the administrator could have been called to a settlement, not having elapsed before the filing of the present bill, it was not subject to the demurrer interposed, and the decree of the chancellor overruling it must be affirmed.