# Nettles *v.* Nettles.

### *Bill in Equity to Establish a Resulting Trust in Land.*

1. *Wife's interest in lands purchased by her husband with money belonging to her statutory separate estate.*—When a husband invests the money of his wife, belonging to her statutory separate estate, in lands, and takes the title in his own name, an equity at once arises in the wife's favor either to charge the lands with the payment of the money or to claim the lands themselves by way of a resulting trust.

2. *Same; equity, how created.*—The equity is not a direct or express trust which can be created only by instruments in writing, duly signed by the grantor, or declared, but is one that results by implication or construction of law.

3. *Relation of husband and wife to the subject of the trust.*—The husband is invested with the legal title with every apparent *indicium* of ownership, while the wife enjoys a mere equity, which she may assert or not at her election.

4. *Constructive trusts ; may be barred by statutes of limitations.*—These implied or constructive trusts have been uniformly construed to come within the operation of the statutes of limitations.

5. *Same; what a bar to assertion of, by wife.*—Such secret trusts are discountenanced by the courts where there has been unreasonable *laches* in their operation, and gross *laches* in assertion will debar relief entirely. If a beneficiary sleeps upon his rights with a full knowledge of a clear breach of trust, he will be left to "bear the fruits of his own negligence or infirmity of purpose."

6. *Same; effect of staleness of demand.*—The doctrine of staleness in a demand will often authorize a Court of Chancery to refuse relief to a complainant in cases where no statute of limitations applies.

7. *Policy of the law.*—It is of the utmost moment that there should be some end of law suits, and reasonable diligence in the assertion of one's rights is properly exacted, not less than the exercise of conscience and good faith.

[Nettles v. Nettles.]

8. *Distinction between the effect of lapse of time in asserting the equity where the trusteeship is uniformly admitted to exist, and where its existence is repudiated.*—When the relation of trustee and *cestui que trust* is uniformly admitted to exist, and there is no assertion of adverse claim by the trustee, lapse of time constitutes no bar to relief. But where the trust relation is repudiated or time and long acquiescence have obscured the nature of the trust, a court of equity will refuse relief upon the ground of its inability to do complete justice.

APPEAL from Wilcox Chancery Court.

Heard before Hon. CHARLES TURNER.

The facts appear in the opinion.

R. GAILLARD, and BRUTUS HOWARD, for appellant.

JOHN Y. KIRKPATRICK, for appellee.

No briefs came into the hands of the Reporter.

SOMERVILLE, J.—This bill is filed by James A. Nettles, as sole heir of his mother, Sarah C. Nettles, seeking to establish a resulting trust in certain lands alleged to have been purchased, during her coverture, with money belonging to her statutory separate estate. The lands were bought as far back as the year 1854, from one Gregg, the husband, Zach. E. Nettles making the purchase, and taking the title, by deed, in his own name, without words indicating the existence of any trust. There is no legal evidence introduced to prove the wife's ownership of the consideration money used in making the purchase, except that of the husband himself, and the evidence is conflicting as to the claim of the husband to the personal ownership of the lands. · It also appears that the wife's claim was sometimes asserted, and at other times she was silent under a claim of ownership interposed by the husband. They both resided on the premises the greater part of the time, up to the date of her death, in July, 1878. She failed during her life, for a period of about twenty-four years, to set up any trust in the lands through the medium of the courts, and this bill was filed by her son, the complainant, for that purpose after her death, on September 9th, 1878. Averments are made dispensing with the necessity of any administration on the estate of Mrs. Nettles, who died free of debt, and leaving complainant as her sole heir and distributee. —*Fretwell v. McLemore*, 52 Ala. 124.

There can be no question of the proposition, that where the husband invests the money of the wife, belonging to her statutory separate estate, in lands, and takes the title in his own name, an equity at once arises in her favor, either to charge the lands with the payment of the money, or to claim

the lands themselves, by way of a resulting trust.—*Tilford v. Torry*, 53 Ala. 122 ; 1 Perry on Trusts, § 127.

Such an equity is not a direct or express trust, which can be created only by instrument in writing duly signed by the grantor or declarant.—Code, 1876, § 2199. It is one which results by implication or construction of law. The husband is invested with the legal title, with every apparent *indicium* of ownership, and with a mere equity in the wife, which she may assert or not at her election. Such implied or constructive trusts, resting for their creation in the support of parol evidence, have been uniformly construed to come within the operation of statutes of limitations, from which express trusts are usually exempt.—*Tarleton v. Goldthwaite*, 23 Ala. 348 ; 2 Brick. Dig. p. 218, § 11.

And for manifest reasons, it seems settled, that, even though the lapse of time, or other circumstances, may not authorize or effect a bar by limitations, such secret trusts are discountenanced by the courts where there has been unreasonable *laches* in their assertion.—2 Story's Eq. Jur. § 1520. This is upon the principle of *staleness* of demand, a defense which is peculiar to courts of equity, and may be made available as a defense without being specially pleaded.—*James v. James*, 55 Ala. § 525. Gross *laches* on the part of the *cestui que trust*, according to well established principles of equity jurisprudence, debars any relief at the hands of a court of equity. If a beneficiary sleeps on his rights, with a full knowledge of a clear breach of trust, or other misconduct on the part of the trustee, he will be left to "bear the fruits of his own negligence or infirmity of purpose."—2 Story's Eq. Jur., § 1884 a ; *Hume v. Beale's Ex'x.*, 17 Wall. 336, 248:

This doctrine of *staleness* in a demand will often authorize a Court of Chancery to refuse relief to a complainant, in many cases, where no statute of limitations applies. It is founded, in its origin, upon a sound public policy, which has a just regard for the preservation of the peace of society. It is of the utmost moment that there should be some end of law suits, an unreasonable encouragement of which is disastrous to the welfare of any government. Hence, *reasonable diligence* in the assertion of one's rights in the courts is properly exacted, not less than the exercise of conscience and good faith. *Johnston v. Johnston*, 5 Ala. 90–97 ; *Smith v. Clay*, 3 Brown Ch. 639.

It is true, as a general rule, that where the relation of trustee and *cestui que trust* is uniformly admitted to exist, and there is no assertion of adverse claim or ownership by the trustee, lapse of time can constitute no bar to relief. But where the trust relation is repudiated, " or time and long ac-

quiescence have obscured the nature and character of the trust, or the acts of the parties, or other circumstances give rise to presumptions unfavorable to its continuance ; in all such cases, a court of equity will refuse relief upon the ground of the lapse of time, and its inability to do complete justice." 2 Story's Eq. Jur. § 1520*a*.

The husband and the wife, it is true, were, for a great portion of the time, in possession of these lands together, and in ordinary cases, where there is no conflicting claim of proprietorship, the possession of the husband would be referred to his representative character, and regarded as the possession of the wife, notwithstanding the principle that possession is usually referred to the legal title.—*Robinson v. Robinson*, 44 Ala. 227 ; *Brunson and Wife v. Brooks*, MSS. Dec. T. 1880. Here the husband converted the wife's money to his use by the purchase of land with it, in his own name. The evidence is conflicting and unsatisfactory as to the claim of Mrs. Nettles to these lands, and of his recognition of her equitable rights. He certainly exercised acts of ownership over them inconsistent with her claim, which could not have been without her knowledge. He represented to the appellees, Perryman & Co., that the lands were his, and they extended him credit on the strength of his reputed ownership, which was asserted with the wife's knowledge. He made an affidavit of personal ownership in order to rescue a homestead in the lands from sale under execution. The peculiar *status* of the title was known to the wife, and yet she took no steps to assert her equity, or to have the legal title divested out of the husband.

We are of opinion that this protracted sleeping on her rights for a period of twenty-four years, under these circumstances, was fatal to her claim. Her equity is a latent one, such as is not encouraged by the courts as against the adverse claim of creditors, especially those holding a lien. She failed to prosecute her demand during her lifetime, and by continued acquiescence has allowed it to become stale. In *her* failure to assert it, we do not think the *complainant* can be permitted to do so, at least to the prejudice of the husband's creditors, after so great a lapse of time.—Angell on Lim. § 471. To encourage latent and stale claims of this character would be contrary to the policy of our recording statutes, and prove greatly detrimental to the safety of land titles in the State generally.—*McArthur v. Carrie's Adm'r*, 32 Ala. 75.

We leave out of view any consideration of the deed of September 22, 1873, made by Zach. Nettles to his wife, and the complainant, his son. It is not set up in the bill as the basis of any relief, and is not relied on by the complainant.

[Johnson et al. v. Ray.]

Its recited consideration, furthermore, is "natural love and affection," and parol evidence, in the absence of fraud or mistake, is not admissible to show a consideration of past indebtedness, which is variant and different from that expressed.—*Adams v. Thomas*, 54 Ala. 175 ; *Hair v. LaBrouse*, 10 Ala. 548.

We are not willing, under the facts of this case, to reverse the finding of the Chancellor, and his decree is accordingly affirmed.—*Tilford v. Torry*, 53 Ala. 120.