# Garrett *v.* Garrett.

*Petition for Citation to Guardian to make Final Settlement of his Guardianship.*

| 69 | 429 |
| 100 | 672 |
| 69 | 429 |
| 142 | 172 |

1. *Rule of repose of twenty years ; to what debts applicable.*—The rule of repose, which, by common consent of the courts, has been fixed at a period of twenty years, has been declared applicable to all kinds of debts and pecuniary obligations, including fiduciary demands in favor of *cestuis que trust* against trustees ; and the reason of the rule applies with as much force and propriety to guardians as to other trustees.

2. *Same ; when it begins to run in favor of guardians—quere.*—It is a question of gravest difficulty as to the time when the rule begins to run in favor of guardians; and while the question is not decided in this case, the court incline to the opinion that it begins to run from the last item on the guardian's account, or the last partial settlement, or other clear recognition of the guardianship as a subsisting and undischarged trust, and not from the time when the ward becomes of age.

3. *Guardian and ward ; when ward's right to a settlement not barred.* Where, on the petition of the ward, the guardian was cited to make a final settlement of his guardianship within less than twenty years from the date of the last partial settlement made by him, and also within less than twenty years from the date when the ward became of full age, the right of the ward to a settlement by the guardian is not barred by the rule of repose.

4. *Same ; when statute of limitations begin to run.*—As between guardian and ward, the statute of limitations does not ordinarily commence to run until there has been a termination of the guardianship.

APPEAL from DeKalb Probate Court.

Tried before Hon. JOHN N. FRANKLIN.

The proceedings in this cause were commenced by a petition filed by M. B. Garrett, praying that a citation be issued to Sarah Garrett, as the guardian of petitioner, requiring her to appear and file her accounts and vouchers for a final settlement of her guardianship. The petition was filed on 16th June, 1881, and

[Garrett v. Garrett.]

its averments show, that Sarah Garrett was appointed guardian ·of ·the petitioner by said court in 1854, and, in 1856 and 1857, she, as such guardian, received certain moneys belonging to the petitioner; that she had never made a final settlement of her guardianship, but that on the 28th February, 1862, she made a partial settlement thereof. The petition, as amended, also shows that the petitioner attained his majority in June, 1863. On 1st July, 1881, the guardian appeared in obedience to the ·citation, produced her accounts for a final settlement of her guardianship, and proposed to file the same; but A. B. Green, one of her sureties, having been allowed to come in and defend against the petition, demurred thereto on the grounds, in sub- ·stance, (1) that the petitioner's claim had become stale, and no recovery could be had thereon, and (2) that it was barred by the statute of limitations. The Probate Court entered a de- ·cree sustaining the demurrer and dismissing the petition; and ·that decree is here assigned as error.

L. A. Dobbs and Sam'l F. Rice, for appellant.

Watts & Sons, contra.

SOMERVILLE, J.—It has been repeatedly decided by this ·court that after the lapse of *twenty years* from the time when ·an executor or administrator may be coerced to a final sttlement, the presumption of settlement and payment arises in his favor, ·and operates as a positive bar to any proceeding citing him to a settlement, unless there has been a recognition or admission, within that period, of the administration, as a continuing, sub- ·sisting, and undischarged trust.—*Greenlees, Adm'r v. Greenlees*, ·62 Ala. 330; *Harrison v. Heflin*, 54 Ala. 552, and authorities ·cited.

This rule of presumptive evidence, based on the doctrine of ·prescription, has been well pronounced to be "rule of con- venience and policy, the result of a necessary regard to the ·peace and security of society."—*Foulk v. Brown*, 2 Watts, 209. As suggested by this court, in *McArthur v. Carrie's Adm'r*, ·32 Ala. 75, the reasons are forcible why it should be applied to all human transactions which are open to judicial investigation, and the rule by common consent of the courts has been fixed at a period of twenty years. It has been declared applicable to all kinds of debts and pecuniary obligations, including judg- ·ments, bonds and mortgages, embracing also fiduciary debts of ·every character due from trustees to *cestuis que trust*. The reason of the rule applies, therefore, with as much force and propriety to guardians as to other trustees.

So sweeping is the principle in its scope and operation, that

[Garrett v. Garrett.]

the presumption raised by it is not arrested or rebutted by the proof of any disability, such as *infancy* or coverture, on the part of the distributees by whom a trustee or administrator has been cited to settlement.—*McCartney's Adm'r v. Bone*, 40 Ala. 533. Nor is the period of the late war between the States, during which the statutes of limitations were suspended, to be deducted in its computation, as held by this court in *Harrison v. Heflin*, 54 Ala. 552. The decisions are numerous in support of the foregoing propositions.—*Goodwyn v. Baldwin*, 59 Ala. 127; *Rhodes v. Turner*, 21 Ala. 210; *Barnett v. Tarrance*, 23 Ala. 463; *Harvey v. Thorpe*, 28 Ala. 250; *Gantt's Adm'r v. Phillips*, 23 Ala. 275; *McArthur v. Carrie's Adm'r*, 32 Ala. 75.

As between guardian and ward, statutes of limitation do not ordinarily commence to run until there has been a termination of the guardianship. This event may happen not only in the event of the ward's arriving at the age of twenty-one years, but also where either the death, resignation or removal of the guardian has intervened. Upon the happening of either of these contingencies the ward has the lawful right to coerce a settlement.—Code of 1876, §§ 2768–69, 2791, 2664; *Alston v. Alston*, 34 Ala. 16; *Chapman v. Chapman*, 32 Ala. 106.

It is a question of gravest difficulty as to the time when the period of twenty years shall commence to run. Shall it be only when the ward becomes of age, thus allowing a possible period of over forty years to transpire in many cases, before the settlement of the trust can be presumed, as would happen when the guardian qualifies when a minor is but six months old? Or can it safely be allowed to commence from the last item on the guardian's account, the last partial settlement, or other like recognition of the existing trust? We confess that we can see objections to the establishment of either rule, but are inclined to adopt the latter as being less fraught with evil results, and as being more readily justified on principle. Section 2771 of the present Code provides that every guardian must make a settlement of his accounts every three years, and prior to the amendatory act of February 15th, 1873, *annual* settlements were required of him.—Code of 1867, § 2421; Code of 1852, § 2022. So it is further provided by section 2791 of the Code of 1876, that "if the guardian does not come forward once in every three years and make settlement of his accounts, it is *the duty of the judge of probate* to cause a citation to be served on him to appear and make settlement, and upon his *refusal or neglect to make such settlement*, it is *the duty of the court to remove him from office*, unless good cause be shown for the omission." The same duty was exacted of judges of probate by the Codes of 1852 and 1867, excepting

that he was required to cite the guardian to annual settlements.—Code of 1867, § 2440; Code of 1852, § 2030.

The judges of the probate court have thus been constituted *quasi* official trustees in this matter to represent the interests of minors. The presumption is that every sworn officer of the government will perform his official duties, and in proper cases it must be presumed that these officers will not neglect one so mandatory in its nature as that imposed by this statute. It would certainly be no unreasonable presumption to assume that they had not continuously neglected it for a period of twenty successive years. The probability is rather that the duty has been performed, and upon the refusal or neglect of the guardian to make settlement he has been removed, and the relationship of the guardian and ward has thus, or otherwise, terminated. When the presumption of payment and settlement, based on the lapse of twenty years, is thrown into the scales, the preponderance must be, we think, rather in favor of its prevailing over the countervailing and opposite presumption. There is room here for fit application of the maxim, *Interest reipublicae ut sit finis litium*—it is to the interest of the State that there should be some limit to litigation.

We are inclined to adopt the rule, therefore, that if a period of twenty years be permitted to elapse from the last item on the guardian's account, or the last partial settlement, or other clear recognition of the guardianship, as a subsisting and undischarged trust, the claim of the ward is stale, and he is barred of his right to coerce the guardian to a settlement. This point, however, is not absolutely necessary to be decided for the purposes of this case, and we leave it undetermined at present.

In this case the last partial settlement was made by the guardian on February 28th, 1862, and the citation of the guardian to settlement, made by the judge of probate, was issued within less than twenty years from the date of such partial settlement— being within a little over nineteen years from the last recognition of the trust. It was also within less than twenty years from the ward's attaining his majority. Estimating then from either period of time, the bar of twenty years is not complete.

Whether the amount found due by the guardian on final settlemant, if anything, is barred by the statute of limitations as against the surety on the guardian's bond, is a question which can not be here considered, as it does not properly arise in the case.—Code, 1876, § 3226, subd. 7.

The petition filed by the ward to bring the guardian to settlement was improperly dismissed. The decree of the probate court must be reversed and the cause remanded.