### BELFER v. LUDLOW.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

EXECUTION (§ 75*)—ISSUANCE—DOCKETING JUDGMENT.

Under section 376, Code Civ. Proc., providing that, where a judgment is docketed pursuant to section 3017, after 20 years from the time the party recovering it is first entitled to mandate to enforce it, the judgment shall be presumed to be satisfied, the statute begins to run from

---

the date of docketing by the clerk, although the clerk may have delayed therein, or the party failed to secure the mandate, though it was the clerk's duty, under sections 1246 and 1248, to docket the judgment as soon as practicable.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 164–170; Dec. Dig. § 75.*]

Appeal from Special Term, Kings County.

Action by Lazarus Belfer against Morgiana Ludlow. From an order permitting plaintiff to issue execution (126 N. Y. Supp. 130), defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Frank L. Holt, for appellant.
F. A. McCloskey, for respondent.

THOMAS, J. The plaintiff, pursuant to a contract with Ludlow, appellant, and another, furnished material for the erection of houses, filed a lien thereon, brought action for personal judgment against Ludlow and such other person, and to foreclose the lien, and on May 28, 1890, recovered judgment against Ludlow for $809.08, and for execution thereon, and for sale of the premises, which judgment was entered June 2, 1890. An appeal taken by one Ryan did not involve the personal judgment against Ludlow, and the plaintiff was entitled to have such judgment docketed against her on the day of its entry. It was not docketed until December 28, 1893. Within 20 years after the date of such docketing the plaintiff obtained an order for leave to issue execution on such judgment. This execution ordered is based on the personal judgment. Hence a judgment for deficiency is not in question.

The order should be affirmed, for the sufficient reason that 20 years had not expired prior thereto from the date of docketing the judgment. Section 376, Code Civ. Proc., states that:

"A final judgment or decree for a sum of money, or directing the payment of a sum of money, heretofore rendered in a Surrogate's Court of the state, or heretofore or hereafter rendered, in a court of record within the United States, or elsewhere, or hereafter docketed pursuant to the provisions of section 3017 of this act, is presumed to be paid and satisfied, after the expiration of 20 years from the time, when the party recovering it was first entitled to a mandate, to enforce it."

The judgment creditor is first entitled to execution at "the moment when the judgment roll is filed and the judgment is docketed" (Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 61, 57 N. E. 168, 170, 79 Am. St. Rep. 565; De Agreda v. Mantel, 1 Abb. Prac. 130, 135; Kupfer v. Frank, 30 Hun, 74; Dunham v. Reilly, 110 N. Y. 371, 18 N. E. 89), unless there is a stay of execution (Harris v. Elliott, 163 N. Y. 269, 274, 57 N. E. 406).

Section 1365 provides that:

"An execution against property can be issued only to a county, in the clerk's office of which the judgment is docketed."

In the opinion in Dunham v. Reilly, supra, it is said:

"The power to issue the process is given where in some county there is the prescribed docket, and only in that event. The language seems to involve both an authority and a prohibition—an authority where the judgment is docketed in any county to issue the execution to that county; and a prohibition, couched in the word 'only,' against any such issue to a county in whose clerk's office there is no such docket."

It is the duty of the clerk to docket the judgment (section 1246; Harris v. Elliott, supra), and if he omits to do so "as soon as practicable" he is liable, as stated in section 1248. In the case at bar he delayed from June 3, 1890, to December 28, 1893. Assume that plaintiff unnecessarily caused the delay pending the appeal. The fact remains that it was the clerk's duty to obey the statute, and until he did docket it the execution could not issue. It is true that on the day the judgment roll was filed the plaintiff was entitled to a mandate, but his right was conditioned upon the docketing of the judgment. There must be a fixed starting point from which the 20 years shall run. It cannot be left to proof of the judgment creditor's directions concerning it. This would bring up an issue not contemplated by the statute.

Certainty of date is essential for purposes of computation. The statute might have provided that the date should be that of filing the judgment roll. It did not. It did so in the case of judgments in justice's court (section 382) docketed (section 382) pursuant to section 3017. So a judgment may become a lien on land only upon docketing for 10 years after the date of filing the judgment roll (section 1251). Such provisions fix the initial date as that of the filing of the judgment roll, or the rendering of the judgment. Section 376 by its words necessarily refers such date to the date of docketing. The Code fixes a procedure, and it is not within the power of the court to disturb it, and adjudge that the 20 years begin to run from the filing of the judgment roll in the absence of proper docket. The statute is plain, and should not be construed as if it were ambiguous.

The order should be affirmed, with $10 costs and disbursements. All concur.