## PATTERSON v. WEAVER et al.    (8 Div. 893.)

Supreme Court of Alabama.    April 14, 1927.

Rehearing Denied June 2, 1927.    Further Rehearing Denied Oct. 27, 1927.

**1. Equity ⊛⇒71(1)—Payment ⊛⇒66(2)—Doctrine that period of prescription or presumption of payment after 20 years bars action is broader than mere statute of limitations.**

Doctrine that period of prescription or presumption of payment after 20 years bars action is broader than mere statute of limitations, though on analogous principles.

**2. Executors and administrators ⊛⇒305—Presumption of payment from lapse of time applies to legacies and distributive shares.**

Presumption of payment from lapse of time is applicable to legacies and distributive shares.

**3. Executors and administrators ⊛⇒305—Administrators, trustees, etc., are conclusively presumed to have made settlements after 20 years.**

Antiquated demands will not be considered by courts without regard to statute of limitations, and after 20 years without payment, settlement, or other recognition of liability, settlements will be conclusively presumed to have been made by administrators, trustees, etc.

**4. Equity ⊛⇒67—Doctrine of repose is applied or denied on natural justice of circumstances of each case.**

Doctrine of repose, which is basis of rule of laches and prescriptions, is applied or denied on natural justice of circumstances of each case that may or may not affect right of procedure in equity.

**5. Payment ⊛⇒66(1)—Presumption of payment from lapse of time cannot be used for affirmative relief.**

Presumption of payment from lapse of time can be used only as shield and not for affirmative relief.

**6. Payment ⊛⇒66(4)—Payment is presumed 20 years after debt is due or demandable.**

Presumption of payment is raised after lapse of 20 years from when debt is due or demandable.

**7. Executors and administrators ⊛⇒305—Presumption of payment of claims against executors and administrators arises 20 years after settlement should have been made.**

Presumption of payment of claims against executors and administrators arises after lapse of 20 years, not from grant of letters or administration, but from date when settlement could and should have been made.

**8. Executors and administrators ⊛⇒314(5)—Bill filed in 1924 for collection of legacy from property of estate conveyed in 1917 by executor appointed in 1908, held not barred by statute or rule of repose.**

Bill filed in 1924 for accounting and collection of legacies, with interest from property of estate, conveyed by defendant executor to his wife without consideration in 1917, nine years after his appointment *held* not barred by statute of limitations or rule of repose.

**9. Executors and administrators ⊛⇒314(3)—Administrator of estate of married woman, residing at death in state under laws of which her personalty descended to husband, could not sue for collection of legacy to her.**

Administrator of estate of married woman, residing at time of her death in state under laws of which all her personal property descended to her husband, had no interest in bequest to her, and hence could not sue as her personal representative for accounting and collection of legacy to her from property of testator's estate, conveyed by defendant executor to his wife.

### On Rehearing.

**10. Executors and administrators ⊛⇒130(1)—Generally, personal representative cannot take possession of property of which title and right of possession is not in estate of decedent.**

Generally, a personal representative is not authorized to take possession of any property of which title and right of possession is not in estate of decedent, such rule obtaining to time of final judgment rendered in cause. (Per Thomas, J., Anderson, C. J., and Bouldin, J.)

**11. Equity ⊛⇒71(2)—"Laches" is neglect, for unreasonable time under circumstances permitting diligence, to do what in law should have been done under circumstances.**

"Laches" is neglect, for an unreasonable and unexplained time under circumstances permitting diligence, to do what in law should have been done under circumstances. (Per Thomas, J., Anderson, C. J., and Bouldin, J.)

**12. Equity ⊛⇒72(1) — "Laches" exists when neglect and delay in assertion of right is such that it has caused prejudice to adversary.**

"Laches" exists when neglect and delay in assertion of right is such that, under lapse of time and recognized circumstances, it has caused prejudice to adversary, and operates as bar in court of equity. (Per Thomas, J., Anderson, C. J., and Bouldin, J.)

**13. Equity ⊛⇒72(1)—Where lapse of time or other causes make it no longer safe to proceed with determination of controversy, laches will be held to have intervened.**

Where lapse of time, death of interested parties or witnesses, loss or destruction of papers, or other causes make it no longer safe or free from danger of doing injustice to proceed with determination of controversy, laches will be held to have intervened, staying proceeding to judgment as inequitable. (Per Thomas, J., Anderson, C. J., and Bouldin, J.)

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. Executors and administrators ⬡➡516(5)—** If sum received by husband of deceased legatee in 1918 was less than unpaid balance due on legacy, his delay until 1924 was binding on administrator of legatee as laches, and settlement could not be reopened.

If sum received by husband of deceased legatee in 1918, in purported settlement with executor under will bequeathing such legacy, was less than unpaid balance due on legacy, with interest, his delay until 1924 was binding on legatee's administrator as laches, and such family settlement could not be reopened, especially since husband of legatee had died. (Per Thomas, J., Anderson, C. J., and Bouldin, J.)

**15. Descent and distribution ⬡➡5—Succession** to personal property is governed by law of actual domicile of deceased at time of death.

Succession to personal property is governed exclusively by law of actual domicile of deceased at time of death. (Per Brown, Somerville, and Gardner, JJ.)

**16. Executors and administrators. ⬡➡516(3)—** Legatee's administrator, having shown no debts of legatee, could not reopen settlement made between sole beneficiary of personal estate of legatee and executor under will bequeathing legacy.

In absence of showing that administration was necessary to recover legacy for payment of debts, administrator of legatee was in no position to reopen or question settlement made between legatee's husband, who was sole beneficiary and distributee of personal estate of legatee, and executor under will bequeathing legacy. (Per Brown, Somerville, and Gardner, JJ.)

**17. Witnesses ⬡➡148—Witness was not precluded, in suit regarding legacy, from testifying regarding transaction with legatee's husband, deceased, whose estate was not connected with litigation (Code 1923, § 7721).**

In suit by administrator of deceased legatee against executor under will bequeathing legacy, such executor was not precluded by Code 1923, § 7721, from testifying as a witness to transaction with legatee's husband settling matter in question, where husband was dead when witness testified, but his estate was in no way connected with litigation. (Per Brown, Somerville, and Gardner, JJ.)

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Bill in equity by John C. Patterson, as administrator of the estate of Laura A. Patterson, deceased, against L. A. Weaver, individually and as executor of the estate of Sarah J. Weaver, deceased, and Blanche K. Weaver. From a decree denying relief, complainant appeals. Affirmed.

Mitchell & Hughston, of Florence, for appellant.

The statute of limitations in cases of this kind is 20 years. Rhodes v. Turner, 21 Ala. 210; 1 A. L. R. 785; Blackwell v. Blackwell, 33 Ala. 57, 70 Am. Dec. 556; McCartney v. Bone, 40 Ala. 533; Garrett v. Garrett, 69 Ala. 429; Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201; Werborn v. Austin, 82 Ala. 499, 8 So. 280. Appellant has a right to maintain the suit. 23 C. J. 998, 1001; Mobile, etc., v. Holmes, 189 Ala. 271, 65 So. 1020; Marshall v. Gayle, 58 Ala. 284; 13 C. J. 357; Barron v. Vandvert, 13 Ala. 232.

Simpson & Simpson, of Florence, for appellees.

Counsel argue the questions raised, but without citing authorities.

THOMAS, J. The error assigned challenged the rendition of the decree denying relief. The assignment of errors will be considered in the order presented by respective counsel.

The bill was by an administrator to remove the administration of an estate to the equity division of the circuit court, and for accounting and collection of a legacy, with interest, from properties of the estate conveyed by the executor to his wife. The bill was filed July 16, 1924. The demurrer contains grounds that the bill shows on its face that it is barred by the statute of limitations.

Certain facts are undisputed. In the will of Mrs. Weaver, complainant's intestate was left a legacy of $2,000, by will probated in this state February, 1908, when L. A. Weaver was appointed executor, and that he made no formal settlement of his administration, that in 1917 he conveyed lands devised to him by his wife, and that no consideration was paid therefor. It is further admitted that Laura A. Patterson, at the time of her death, in 1915, was a resident of Tennessee; owned property in this state, including the legacy; that complainant, J. C. Patterson, was appointed administrator of her estate in Lauderdale county, Ala.; that in 1915 Weaver paid $150 to J. H. Patterson, the husband of Laura A. Patterson; that under the laws of Tennessee, at the time of the death of said Laura A. Patterson, "all the property of the wife passed to the surviving husband, subject, however, to debts"; and that said husband survived her. It is further shown that Weaver qualified as executor of the estate of Mrs. Sarah J. Weaver; took charge of her personalty; rented the land, and intermingled the estate's funds with his own; made no settlement to court; conveyed realty to his wife in 1917, yet continued in visible possession thereof, treating same as his own; that there were debts of the estate of Sarah J. Weaver, but no claims were presented as required by law; that the legacy to Laura A. Patterson has not been paid in full.

[1] The pertinent question is whether the action is barred by the statute of limitations, or whether the rule of repose obtains. In

Rhodes Ex'r v. Turner, 21 Ala. 210, it was declared that at common law the statute of limitations did not apply to such actions, but that the period of prescription or the presumption after 20 years is the bar to such action. 1 A. L. R. 785, 816, 828.

The doctrine is broader than mere statute of limitations, though on analogous principles. Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; Kidd v. Browne, 200 Ala. 299, 303, 76 So. 65.

[2] The presumption of payment from the lapse of time is applicable to legacies and distributive shares. Rhodes v. Turner, supra; Barnett v. Tarrence, 23 Ala. 463; Blackwell's Case, 33 Ala. 57, 70 Am. Dec. 556; Austin v. Jordan, 35 Ala. 642; Worley v. High, 40 Ala. 171; McCartney v. Bone, 40 Ala. 533; Ragland v. Morton, 41 Ala. 344, 91 Am. Dec. 516; Harrison v. Heflin, 54 Ala. 553; Greenlees' Case, 62 Ala. 330; Bonner v. Young, 68 Ala. 35; Werborn v. Austin, 82 Ala. 499, 8 So. 280.

[3] In Snodgrass v. Snodgrass, 176 Ala. 276, 280, 281, 58 So. 201, Mr. Justice Simpson well said:

"As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into. It is settled that, after a period of 20 years, without any payment, settlement, or other recognition of liability, mortgages and liens will be presumed to have been paid, settlements will be presumed to have been made by administrators, trustees, agents, and other persons occupying fiduciary positions. It is necessary for the peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years, after they might have demanded an accounting, and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, to demand an accounting. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of the trust, a complete bar; and, as said in an early case, 'the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, "and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible."' Harrison et al. v. Heflin, Adm'r, et al., 54 Ala. 552, 563, 564; Greenlees' Adm'r v. Greenlees et al., 62 Ala. 330; Nettles v. Nettles, 67 Ala. 599, 602; Garrett v. Garrett, 69 Ala. 429, 430; Semple v. Glenn, 91 Ala. 245, 260, 6 So. 46, 9 So. 265, 24 Am. St. Rep. 929 [894]; Roach v. Cox, 160 Ala. 425, 427, 49 So. 578, 135 Am. St. Rep. 107."

[4] And in South v. Pinion, 207 Ala. 122, 92 So. 420, it is said:

"It is a rule of practice that a demurrer will lie for laches or statutory limitations appearing on the face of the bill. Veitch v. Woodward Iron Co., supra; Scruggs v. Decatur Min. & Land Co., 86 Ala. 173, 5 So. 440; Gayle v. Pennington, 185 Ala. 53, 64 So. 572; Fowler v. Alabama, etc., Co., 164 Ala. 414, 51 So. 393; Greenlees v. Greenlees, 62 Ala. 330. The doctrine of repose, the basis of the rule of laches and of prescriptions, is applied or denied on the natural justice of the circumstances of each case that may or may not affect the right of procedure in equity."

This rule has been uniformly followed by this court. Randolph v. Hubbert, 190 Ala. 610, 67 So. 416; Kidd v. Browne, 200 Ala. 299, 76 So. 65; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; Scott v. Scott, 202 Ala. 244, 80 So. 82; Galloway Coal Co. v. Warrior Black Creek C. Co., 204 Ala. 107, 85 So. 440; Heflin v. Heflin, 208 Ala. 69, 74, 93 So. 719; Spencer v. Hurd, 201 Ala. 269, 77 So. 683, 1 A. L. R. 761; Graham v. Graham, 202 Ala. 56, 79 So. 450.

[5] The doctrine is such presumption can only be used as a shield and not for affirmative relief. Rankin v. Dean, 157 Ala. 490, 47 So. 1015; Heflin v. Heflin, 208 Ala. 69, 93 So. 719. This question was not presented in Spencer v. Hurd, 201 Ala. 269, 77 So. 683, 1 A. L. R. 761.

[6, 7] The presumption is raised after the lapse of twenty years from when the debt "is due or demandable." Braun v. Pettyjohn, 176 Ala. 593, 58 So. 907; Birmingham Realty Co. v. City of Birmingham, 205 Ala. 280, 87 So. 842; Diemer v. Sechrist, 1 Pen. & W. (Pa.) 419; Belfer v. Ludlow, 143 App. Div. 147, 127 N. Y. S. 623; Id., 69 Misc. Rep. 486, 126 N. Y. S. 130. Special circumstances have arisen as settlement of a guardianship, claims against executors and administrators, and such periods are computed, not from the grant of letters or of administration, but from the date when settlement could and should have been made. Garrett v. Garrett, 69 Ala. 429; Greenlees' Case, 62 Ala. 330; McCartney v. Bone, 40 Ala. 533; Rhodes v. Turner, 21 Ala. 210; Birmingham Realty Co. v. City of Birmingham, 205 Ala. 280, 87 So. 842. See authorities collected in 1 A. L. R., pages 815 et seq.

In Veitch v. Woodward Iron Co., 200 Ala. 358, 363, 76 So. 124, 129, it is declared:

"It is apparent that the doctrine of repose, the basis of the rule of laches and of prescription, is grounded on the natural justice of the circumstances of each case that may or may not affect a right of procedure in equity. It is not primarily a question of possession, but one of acquiescence in the assertion of adverse right, and unreasonable delay on the part of the real owner in asserting his right, to the prejudice of the adverse party. Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am. St. Rep. 81; Butt v. McAlpine, supra. Acquiescence involves knowledge of the facts which entitle to relief, and manifests a want of diligence, which will not be allowed to prejudice adversary interests.

Union Cemetery Co. v. Jackson, 188 Ala. 599, 65 So. 986; James v. James, 55 Ala. 525. This acquiescence on knowledge after lapse of time will be presumed where the equity of the case demands."

And in South v. Pinion, 207 Ala. 122, 92 So. 420, it is said:

"Acquiescence or knowledge, after lapse of time, will be presumed, where the equity of such case demands; yet it follows that acquiescence involves knowledge of the facts which entitled to relief—manifests a want of diligence which will not be allowed to the prejudice of adverse interests. First Nat. Bank v. McIntosh, supra; James v. James, 55 Ala. 525; Union Co. v. Jackson, supra."

See, also, Heflin v. Heflin, 208 Ala. 69, 74, 93 So. 719.

[8] It follows from the foregoing authorities that the bill was not filed after the intervening of the bar of statute or rule of repose.

[9] Had the complainant, as administrator of Laura A. Patterson, the right to maintain the suit? As stated, Laura A. Patterson, the beneficiary of Mrs. Weaver's will, was a resident and citizen of Tennessee at her death, and under the laws of that state such personal properties, and the legacy was such, descended to the husband, J. H. Patterson. It follows that John C. Patterson, as administrator of Laura A. Patterson had no interest in the bequest of Mrs. Weaver to Mrs. Patterson. This concludes the right of the appellant to proceed in this suit as such personal representative. This phase of the case is made out by the testimony of John C. Patterson. Mr. Sims testified of the law of Tennessee as follows:

"I am familiar with the laws and statutes of the state of Tennessee. I know the law of descent and distribution. Under the laws of the state of Tennessee, upon the death of a married woman who leaves surviving her a husband and children, all of her personal property descends under the law to the husband. This has been the law for more than 25 years past."

This statement of the effect of the statutes of descent and distribution was corroborated by John C. Patterson, and under his declaration of the residence of his parents at the time of his mother's death. If the named heirs at law of Laura A. Patterson have an interest in the legacy in question, it would be by and through their interest in the estate of the father if he dies or died intestate.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

On Rehearing.

THOMAS, J. It should have been further stated on the original hearing that respond-

ents, by way of answer setting up the facts, charged:

That complainant "is guilty of laches and is estopped from having any claim against respondents"; that "J. H. Patterson was the husband of Laura A. Patterson, mentioned in the complaint, and acted as her agent and attended to all of her business; that from time to time your respondent, L. A. Weaver, paid to J. H. Patterson certain sums of money for Laura A. Patterson, up to the time of her death in 1915, and that after her death the said J. H. Patterson continued to act as agent and representative of her estate and of her children; that finally in 1919 there was a final settlement of said legacy by respondent L. A. Weaver with the said J. H. Patterson, and that respondent L. A. Weaver has the receipt in full for said legacy.

"That the last payment in 1919 was by check for three hundred ($300.00) dollars as settlement in full, and was accepted by J. H. Patterson as settlement in full of the claim of Laura A. Patterson to said legacy; that since the payment of said sum of three hundred ($300.00) dollars, the balance due of said legacy, there has been no demand on behalf of any of the heirs of said Laura A. Patterson for any sum of money due from said L. A. Weaver, and said L. A. Weaver was unadvised that there was a claim for any sum until the filing of this suit."

Among other things the decree recited:

"* * * That the husband, J. H. Patterson, inherited the legacy provided by the will of Sarah J. Weaver to Laura A. Patterson from Laura A. Patterson upon her death, and that the estate of Laura A. Patterson has no interest in said legacy, and cannot recover the legacy if it has not been paid by Dr. Weaver to J. H. Patterson.

"The court is further of the opinion, by a check offered in evidence in this cause for three hundred dollars, of date December 22, 1922, payable to J. H. Patterson, which check reads, 'Settlement in full of S. J. Weaver will,' that said legacy to Laura A. Patterson was settled by check to J. H. Patterson, her husband, who inherited said legacy from his wife under the laws of Tennessee."

And the appropriate judgment was entered dismissing the bill.

[10] Speaking generally, a personal representative is not authorized to take possession of any property of which the title and right of possession is not in the estate of decedent. Crescent City Ice Co. v. Stafford, Fed. Cas. No. 3,387, 3 Woods, 94. And this rule obtains to the time of a final judgment rendered in the cause.

[11, 12] There is a well-recognized distinction between laches and estoppel, which need not be defined at this time. In the general sense, laches is the neglect for an unreasonable and unexplained time, under circumstances permitting diligence, to do what in law should have been done under the circumstances. It is an implied waiver, so to speak, that arises from such acquiescence with a full knowledge of the facts. In this jurisdiction it is said that laches exists when the neglect

and delay in assertion of the right is such that, under the lapse of time and recognized circumstances, has caused prejudice to the adversary and held to operate as a bar in a court of equity. Montgomery, etc., v. Lahey, 121 Ala. 131, 25 So. 1006; Rives v. Morris, 108 Ala. 527, 18 So. 743; Hauser v. Foley & Co., 190 Ala. 437, 67 So. 252; Wooddy v. Matthews, 194 Ala. 390, 401, 69 So. 607, 5 Pomeroy Eq. Jur. 321.

The rule is thus declared in Rives v. Morris, supra:

"Where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties as to render it difficult if not impossible to do justice, the complainant will by his laches be precluded from relief; and it is not even necessary that the court should be satisfied that the original claim was unjust, or has been satisfied. And this is true, even though the demand is not barred by the statute of limitations, nor under the ban of the doctrine of prescription."

[13] Nothing can call forth a chancery court into activity but conscience, good faith, and reasonable diligence, and under circumstances consistent with fair dealing with an adversary, as to the property in question. And when, because of the lapse of time, death of interested parties or witnesses, the loss or destruction of papers, or other causes making it no longer safe or free from danger of doing injustice to proceed with a determination of the controversy, laches will be held to have intervened staying the proceeding to judgment as inequitable. Meeks v. Miller, 214 Ala. 684, 686, 108 So. 864; Copeland v. Warren, 214 Ala. 150, 153, 107 So. 94; Hope of Ala. Lodge v. Chambless, 212 Ala. 444, 448, 103 So. 54; Moore v. Moore, 212 Ala. 685, 103 So. 892; Sweeney v. Sweeney, 210 Ala. 593, 98 So. 883; Heflin v. Heflin, 208 Ala. 69, 93 So. 719; Corley v. Vizard, 203 Ala. 564, 84 So. 299; Scott v. Scott, 202 Ala. 244, 80 So. 82; Sims v. Riggins, 201 Ala. 99, 77 So. 393; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124.

[14] From the probate of the will in 1908 to the date of her death, Mrs. Patterson was well aware of her right to the legacy, and authorized and ratified the act of her husband in managing her business affairs (and in making installment collection on the legacy). Such a relation and authority extended to the date of her death in 1915. Thereupon the legacy became the property of the husband under the laws of Tennessee, subject to due administration. No administration was had in either state before July 16, 1924, when letters issued in Alabama to complainant. No debts of her estate are shown to exist during all this time. With a full knowledge of the facts, no affirmative action was taken for a final settlement of the legacy before the death of Mrs. Patterson. Thereafter further installments were collected in money or in the discharge of Mr. Patterson's obligations to 1918, when the latter, with Mr. Weaver, had what purported to fully settle the family affair by giving the $300 check (adverted to in the opinion of the learned trial judge), and it recited "For settlement in full of S. J. Weaver's will." If in fact that sum was less than the unpaid balance due on the legacy, with interest, no one knew the fact better than Mr. Patterson, and his delay until 1924 (just before his death), is binding on this administrator as laches. Family settlements are to be encouraged. Betts v. Ward, 196 Ala. 248, 72 So. 110. And this settlement of 1918 will not be reopened, after the death of Mr. Patterson, on the ground that the recital in the receipt did not state the true facts, and that the collection of that check was not binding, for the reason that it was not on an adequate consideration.

The justness of the conclusion of the trial court is emphasized by Mr. Patterson's letter to Weaver of June 19, 1916, saying, among other things:

"I have only paid $100 so far on Laura's [Mrs. Patterson's, we interpolate] monument, and if you can see Mr. Ira and pay that note off right away it would be highly appreciated. I hate to have to ask for a loan here among strangers; so please do your best and I will certainly appreciate it,"

—and that by him from Greenville, Tex., of July 23, 1916:

"I have just received word that you had paid the $150 note, and I want to thank you for it. You have done the best that you could, and I am satisfied, and shall never say anything more to you about it. If you are prosperous, and should want to give some of my children something some time in life, then, very well; otherwise, I shall be satisfied," followed by the $300 check of 1918.

The foregoing, taken with the evidence of complainant challenging the purported indorsement on the check by J. H. Patterson, and that of Weaver presenting the view that it was given and intended as a settlement indorsed and returned in due course, and the tendencies of evidence, that Mr. Patterson asserted that he had not been paid in full (that respondent had made such admission to the administrator), and the denials of Weaver of such admission, the asserted admissions by the administrator of the genuineness of Mr. Patterson's signature, and the explanation as to the payment of the $150 note of July 15, 1916, of Weaver to Mr. Patterson, the indorsement thereon, "In settlement of S. J. Weaver's will to Laura A. Patterson," and Weaver's explanation that this was only intended as a credit on said legacy, and was not considered "as a settlement in full," shows the futility of now ascertaining the exact facts, in the absence of the testimony of Mr. Patterson. It was he who accepted the check

and delayed pressing the matter under such a set of circumstances and conflicting tendency of evidence, until the son qualified as administrator within a year from the date of the father's death. The letters were issued July 16, 1924, and Mr. Patterson died on May 14, 1925. The son stated that the father acquiesced in his action in taking letters of administration and signed his bond as such personal representative. Weaver told of his friendly or pleasant associations with Mr. Patterson after 1918, that no dissatisfaction was expressed or assertion of a balance due on the legacy, or that he desired or would seek disaffirmance of his act in apparently closing the matter by the acceptance of the $300 check paid through the Bank of Rogersville. This silence in assertion of the right, and his delay in instituting action, on the part of Mr. Patterson, from 1918 to 1924, and the further fact of his death before his evidence was taken in the clause, makes it necessary that the litigation be ended, and this family settlement be not reopened.

The bill was properly dismissed, and the judgment is affirmed.

ANDERSON, C. J., and BOULDIN, J., concur in the opinion on rehearing.

BROWN, J., states his limited concurrence, and SOMERVILLE and GARDNER, JJ., join therein.

SAYRE, J., concurs in the result.

BROWN, J. (concurring). [15] The succession to personal property is governed exclusively by the law of the actual domicile of the deceased at the time of death—in this case, in so far as the legacy in controversy is concerned—the law of Tennessee. McGhee et al. v. Alexander et al., 104 Ala. 116, 16 So. 148. Under the laws of Tennessee, as the uncontroverted evidence shows, so much of the legacy as remained unpaid at the death of Laura A. Patterson, in the year 1915, passed to her husband, J. H. Patterson, as sole beneficiary, subject, of course, to administration and the payment of debts.

During the lifetime of J. H. Patterson, he settled the matter with L. A. Weaver, as executor of Sarah Weaver's will, through which the devise was made to said Laura A. Patterson, and gave an acquittance "in full" therefor.

The controlling purpose of the bill is to compel payment of said legacy, or so much as may be found due thereon. This would necessitate a reopening of the settlement made between J. H. Patterson and Weaver, as executor. There is an absence of averment or proof that the estate of Laura Patterson owed any debts at the time the bill was filed.

The question presented is whether, under these circumstances, the appellant, suing as the administrator of Laura A. Patterson, can maintain this bill, filed nine years after the death of his intestate.

[16] We are of opinion that, in a proper case showing that an administration was necessary to recover the legacy, or so much as might be due thereon, for the payment of debts, the letters of administration issued to the complainant armed him with the right to bring a timely suit for this purpose; but, in the absence of showing a necessity for such administration, he is in no position to reopen or question the settlement made between J. H. Patterson, the sole beneficiary and distributee of the personal estate of said Laura A. Patterson, and Weaver, the executor of Sarah J. Weaver's will. Such settlement, if it can be questioned at all, can only be questioned by the party who made it, as of right, or his successors in interest.

[17] Nor can we sustain the appellant's contention that L. A. Weaver is precluded by the statute from testifying as a witness to the transaction with J. H. Patterson, whose estate is in no way treated in this litigation. Code 1923, § 7721.

We are therefore of opinion that the decree dismissing the bill was free from error, and that the judgment of affirmance should not be disturbed.

SOMERVILLE and GARDNER, JJ., concur.