SAMUEL H. KUNSTLICH, Appellant, v. BRALEA REALTY CORPORATION and Others, Respondents.— Judgment reversed upon the law and new trial granted as between the plaintiff and defendant Bralea Realty Corporation, with costs to abide the event, for error in the charge at folio 255. The learned trial justice charged the jury, over exception, that plaintiff must prove that the amount sued for was the reasonable value of the services rendered and that the jury might find a verdict based upon the reasonable value of the services. The plaintiff's right to recover depended upon whether defendant made the contract alleged and whether plaintiff performed the contract. That was the issue presented by the pleadings and the case was tried upon that theory. At folio 59 the defendant's counsel said: " There is no question here * * * of the value of the services, we are not prepared to try it on this [that] basis." The judgment contains no adjudication as to the rights of plaintiff against the defendants other than the Bralea Realty Corporation. While there is an intimation at folio 104 that the court intended to dismiss the complaint as to the Brackett Company, there is no formal dismissal. At the end of the case the learned trial justice denied a motion to dismiss the complaint made presumably in behalf of all of the defendants, but in the charge it would appear that the court referred to but one defendant, the verdict of the jury was in favor of the " defendant " (not defendants) and the judgment as entered is in favor of but one defendant, the Bralea Corporation. We must take the record as it is presented to us. Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ., concur.

PHILIP NOVICK, as Trustee in Bankruptcy of the CAPITAL LAMP & SHADE Co., INC., Respondent, v. CARL S. DUCKOR, Appellant, and HARRY HOFFMAN, Defendant.— Order adjudging defendant, appellant, guilty of contempt reversed upon the law, without costs, and motion denied, without costs, upon the ground that the moving papers do not show that a demand was made upon the appellant, with leave to renew upon proof of such demand. Kelly, P. J., Kelby, Young and Kapper, JJ., concur; Jaycox, J., concurs for reversal on the ground that no demand was shown, and votes also to reverse on the ground that the judgment appealed from is exclusively enforcible by execution. (*Harris* v. *Elliott*, 163 N. Y. 269.)