### In re MEYER.

(Supreme Court, Appellate Division, First Department. October 20, 1911.)

HABEAS CORPUS (§ 90*)—PROCEDURE—REFERENCE.

    Where, on habeas corpus by a father for custody of an infant child, the affidavits are so conflicting that it is impossible to determine whether the father is a proper person to have the custody, the matter is properly referred.

    [Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 90.*]

Appeal from Special Term, New York County.

Application by Leopold Alfred Meyer for writ of habeas corpus. From the order, petitioner and respondents appeal. Reversed, and reference ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Jacob H. Corn, for applicant.
Ernest Hall, for respondents.

McLAUGHLIN, J. This appeal is from an order sustaining a writ of habeas corpus and awarding the custody of an infant under two years of age to the father, Leopold Alfred Meyer, and permitting the maternal grandparents to visit such infant at stated periods, and permitting her to remain at their residence for a period of at least six days in each month. The father of the infant appeals from so much of the order as permits the grandparents to visit the child and directs her to be taken to their residence for a period of at least six days in each and every month, and the grandparents appeal from so much of the order as awards the custody to the father.

On the return of the writ, the learned justice sitting at Special Term disposed of the matter solely upon affidavits presented by the respec-

tive parties. These affidavits are so conflicting that it is utterly impossible to determine whether the father is a proper person to have the custody of the infant, or whether it will be for her interest to be placed in the custody of the grandparents. In view of the conflict in the affidavits, I think the proper disposition to make of this appeal is to reverse the order appealed from, without costs to either party, and send the matter to a referee, to take proof and report the same, together with his opinion thereon, to the Special Term of this court. All concur.