LEWIS H. WARREN, Plaintiff, *v.* FRED J. GARLIPP, Defendant.

Supreme Court, Wyoming County, December 4, 1925.

Judgments — motion by plaintiff for summary judgment in action brought on final order in habeas corpus proceeding in which defendants therein were allowed costs and disbursements — final order in habeas corpus proceeding is judgment — if not judgment, it is " decree for sum of money " within meaning of Civil Practice Act, § 44 — fact that said final order was not docketed by county clerk does not vitiate judgment — Statute of Limitations not applicable — plaintiff, assignee under said judgment, entitled to summary judgment.

A final order made in a habeas corpus proceeding after a trial is had and the issues are finally determined and adjudicated in and by the final order as required by section 1268 of the Civil Practice Act, is for all intents and purposes a judgment therein. If such final order is not a judgment, then it is a " decree for a sum of money or directing the payment of a sum of money, rendered in a court of record " within the meaning of section 44 of the Civil Practice Act.

The fact that a final determination of an action or special proceeding by a court of record for a sum of money or directing the payment of a sum of money is not docketed by the county clerk in the judgment docket has no effect upon the character of the judgment or decree.

Accordingly, plaintiff herein, assignor of defendants in a habeas corpus proceeding in which said defendants were allowed a sum of money covering costs and disbursements by the final order therein, is entitled to a summary judgment against the defendants in the action brought upon the said judgment or decree.

The Statute of Limitations is not a defense to plaintiff's action by reason of the fact that the county clerk did not record or docket said judgment or decree after it was entered in said clerk's office, since the limitation as to plaintiff's action on the judgment did not begin to run until the judgment was docketed.

MOTION by plaintiff for summary judgment.

*Kenneth B. Keating,* for the plaintiff.

*Daetsch, Paul & Lesswing* [*Wortley B. Paul* of counsel], for the defendant.

NORTON, J. December 2, 1911, the defendant herein, under section 70 of the Domestic Relations Law,* instituted a habeas corpus proceeding in the Supreme Court, Erie county, procuring a writ therein requiring Charles Rendee and Mary Rendee, the parents of Florence Rendee Garlipp, defendant's wife, to produce Elmer F. Garlipp, the infant son of defendant and his said wife.

Upon the return of the writ, and upon the moving papers, the writ and return thereto, a referee was appointed by the court who heard the testimony of the parties and reported his findings; among other things finding that the infant should be left in the

* Since amended by Laws of 1923, chap. 235.— [REP.

care and under the direction of his mother, defendant's wife, at the home of her parents, said Charles and Mary Rendee. Such report was duly confirmed, and the custody of said child duly awarded, as so found by said referee, by the court, by a final order duly granted in said proceeding and duly entered May 23, 1912, in the Erie county clerk's office.

Said final order, among other provisions, contained the following, viz.: "And it is further ordered, that the defendants, Charles Rendee and Mary Rendee, recover their costs and disbursements in this proceeding, from and of the relator, Fred J. Garlipp, which costs and disbursements are hereby adjusted at $289.39, and that they have execution therefor."

Said Charles and Mary Rendee, January 27, 1915, duly assigned said judgment to this plaintiff, which assignment was duly recorded in the Erie county clerk's office November 17, 1915, in the proper volume of assignments of judgments.

Plaintiff has brought this action upon such judgment or decree; and defendant has interposed an answer which puts in issue none of the allegations of fact contained in plaintiff's complaint, except the allegation that said judgment or decree was docketed; upon the submission herein it was conceded that such judgment or decree was not docketed by the county clerk of Erie county in the judgment docket in his office.

This motion for summary judgment is based on the pleadings, and certified copies of said judgment or decree, and of said assignment, and the affidavit of the moving party, to the effect that no part of the judgment or decree has been paid.

Defendant in his answer alleges, and now contends, that such above-quoted provision of said final order does not constitute a judgment, not having been docketed in the judgment docket; and also, as a defense, he sets up the Statute of Limitations, alleging that said provision of said final order is barred by the expiration of ten years from the granting of such final order.

The defendant's contention that such final order is not a judgment seems to me unsound.

The Court of Appeals has said that " The custody of children is to be regulated, as it always has been, in one or other of two ways: by writ of habeas corpus, or by petition to the Chancellor " (*Finlay v. Finlay*, 240 N. Y. 429, 432).

The proceeding in which the final order in question was granted and entered was instituted under and pursuant to section 70 of the Domestic Relations Law.

That section making no provision for the necessary procedure, the procedure in such a matter is regulated by the article of the

Code of Civil Procedure, now the Civil Practice Act, as to habeas corpus, etc. (Code Civ. Proc. § 2066; Civ. Prac. Act, § 1282).

Allegations of material facts set forth in the writ and papers upon which it was granted being traversed by the answer or return to the writ, a trial was necessary, as the court could not determine the matter on the papers. (*Matter of Lee*, 220 N. Y. 532; *Matter of Meyer*, 146 App. Div. 626; 2 Fiero Part. Actions, 1650.)

In such a case the court must inquire into the cause of detention, must examine into the facts, and must make a final order. That was so under the Code of Civil Procedure. (See § 2031 thereof, which provision is now found in the Civil Practice Act, § 1251.)

Therefore, in said matter a trial was had and the issues were finally determined and adjudicated in and by the final order, as required by the Code of Civil Procedure, section 1997, now Civil Practice Act, section 1268.

Such final order adjudicating the issues, as it did, was, as to said proceeding in which it was granted, for all intents and purposes a judgment therein. (*Pearson* v. *Lovejoy*, 35 How. Pr. 193; *Leslie* v. *Saratoga Brewing Co.*, 33 Misc. 118.)

And, as a practical matter, so far as appears, said determination was accepted by the parties as a final determination of the matters involved, and was observed by them in all respects throughout the intervening thirteen years, except as to the payment and collection of the costs therein awarded.

Further, such costs were not awarded therein against this defendant until there had been an examination into the facts upon a full, fair, patient and impartial hearing; and defendant, by not appealing therefrom, accepted and acquiesced therein.

If such final order is not a judgment, then it is a " decree for a sum of money or directing the payment of a sum of money, rendered in a court of record," in the words of section 44 of the Civil Practice Act, formerly section 376 of the Code of Civil Procedure.

That a final determination of an action or special proceeding, by a court of record, for a sum of money, or directing the payment of a sum of money, becomes a judgment or decree only when it is docketed by the county clerk in the judgment docket is not the law.

In the case at bar the final order was duly granted by the court, and signed by the judge; and the costs, as included and allowed therein, were first taxed by the clerk, pursuant to the express, written stipulation of the parties; and it was thereupon duly entered in the office of the clerk.

The failure of the clerk to enter or to docket a judgment or decree has no effect upon the character of the judgment or decree. If a

judgment is duly rendered, or a decree duly granted, it is in and of itself a judgment or decree. The action, or failure to act, of the clerk, as to the entry or docket thereof, neither gives to nor takes from it its character or force as judgment or decree.

Black on Judgments (Vol. 1 [2d ed.], § 106) says: " The entry of a judgment is a ministerial act, which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external and incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action. It is the decision of the court as rendered, not the act of the clerk in entering or docketing such decision, that constitutes the judgment or decree. * * * In the nature of things, a judgment must be rendered before it can be entered. And not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its vitality remain in abeyance until it is put upon the record. The entry may be supplied, perhaps after the lapse of years, by an order *nunc pro tunc*. But it must not be supposed that this proceeding is required to give existence and force, by retrospection, to that which before had none."

In the instant case the determination was made and the final order adjudging and decreeing such determination was rendered by the court; and such order was duly entered by the clerk. It became upon its rendition the final determination, the judgment or decree of the court in the proceeding.

Defendant, upon the submission herein, conceded that said order could have been docketed; and that had it been docketed, it would have become a final judgment or decree for a sum of money. If it were such a judgment or decree after docketing, it was before docketing. Being such, it comes within the provisions of section 44 of the Civil Practice Act (formerly Code Civ. Proc. § 376) and payment and satisfaction thereof will be presumed only " after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it." The failure of the county clerk to docket the judgment or decree, so far as the running of the Statute of Limitations is concerned, would advantage the judgment creditor and not the judgment debtor.

That the limitation, as to suit on a judgment of a court of record, does not begin to run until the judgment is docketed, although the judgment, owing to the negligence of the county clerk, was not docketed until over three years after it was entered, is, in substance, the holding of the court in *Belfer* v. *Ludlow* (143 App. Div. 147; appeal dismissed, 202 N. Y. 539).

That the judgment creditor could now procure the judgment

or decree to be docketed, and proceed to enforce it by mandate, I believe; he could also assign it, as has been done herein, and the assignee has a valid cause of action thereon.

The plaintiff is entitled to judgment herein; and the motion is granted, with costs.